UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| CLIFTON DONELL LYLES, | ) | C/A No.: 4:14-cv-1063-TMC-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| CECILIA REYNOLDS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Clifton Donell Lyles, appearing *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 24, 2014.[1] Respondent filed a return, motion for summary judgment, and memorandum in support on September 5, 2014. (Docs. #25 & #26). The undersigned issued an order filed September 8, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #27). Petitioner filed a response to the motion for summary judgment on October 7, 2014. (Doc. #31).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

Respondent filed a reply to the response on October 17, 2014. (Doc. #32). Petitioner filed a sur reply to the reply and a motion to amend the petition on October 30, 2014. (Doc. #34).

The undersigned granted Petitioner's motion to amend the petition by order dated April 15, 2015, but directed the amended petition be attached to the original petition. (Docs. #51 & #52). Respondent filed a return and memorandum in support of summary judgment as to the amended petition on May 18, 2015. (Doc. # 63). Petitioner filed a response to the return on June 18, 2015. (Doc. #68). Respondent filed a reply to the response on July 2, 2015. (Doc # 72). Petitioner filed a sur reply to the reply on July 27, 2015. (Doc. # 74).

## PROCEDURAL HISTORY

Petitioner is currently confined at the Kershaw Correctional Institution in the South Carolina Department of Corrections pursuant to an order of commitment from the York County Clerk of Court. Petitioner was indicted by the York County Grand Jury during the November 14, 2002, term of the York County Court of General Sessions for one count of Trafficking Crack Cocaine (2002-GS-46-2950) and one count of Possession of Crack Cocaine with Intent to Distribute within Proximity of a School (2002-GS-46-2951). (App. 616-619). Petitioner was represented by James Shadd, III, Esquire. (App. 1-418). The State was represented by Teasa Weaver,

Esquire and Lisa Collins, Esquire.  Id.  Petitioner originally pleaded guilty to both charges, but he was allowed to withdraw his guilty plea.  (App. 459).  The State only re-indicted Petitioner as to the trafficking charge.  Id.  Petitioner proceeded to trial *in absentia* before the Honorable Roger L. Couch, Circuit Court Judge, an April 7-8, 2004.  Id.  On April 8, 2004, Petitioner was found guilty of trafficking in crack cocaine.  (App. 410).  The judge sealed Petitioner's sentence because of his absence from the trial.  (App. 418).  Petitioner's sentence was unsealed by the Honorable John C. Hayes, III, Circuit Court Judge, which revealed Judge Couch sentenced Petitioner to thirty years' imprisonment and a fine of $50,000.  (Supp.App. 1-3).

## Direct Appeal

On August 2, 2005, trial counsel filed a notice of appeal in the South Carolina Court of Appeals.  (Attachment No. 7).  On October 6, 2006, Petitioner's direct appeal counsel filed an initial Anders[2] brief in the Court of Appeals and moved to be relieved as counsel.  (App. 421-433).  Direct appeal counsel raised the following issue in the Anders brief:

> Whether the court erred by refusing to suppress appellant's statements that the crack cocaine located in the house where he lived only part-time belonged to him since the admissions were made in response to Investigator Brown's threat that everybody present, including appellant's girlfriend, "could be arrested" unless someone claimed ownership of the

---

[2] Anders v. California, 386 U.S. 738 (1967).

drugs since statements given while being threatened are coerced, involuntary, and inadmissible?

(App. 424). On January 23, 2007, Petitioner filed a *pro se* brief addressing the following issues, quoted verbatim:

> I) Did trial judge abuse discretion in upholding search warrant affidavit?
>
> II) Did trial judge abuse discretion in not requiring the confidential informant's identity to be revealed?
>
> III) Did officers executing search warrant violate 4th Amendment knock and announce statute?
>
> IV) Did trial judge abuse discretion in ruling of Batson Motion?
>
> V) Did trial judge, solicitor, Officers Ervin, Lovelace, Schmitte and Clerk perjure themselves?
>
> VI) Did trial judge abuse his discretion in his ruling of Doyle Violation?
>
> VII) Did trial judge abuse discretion in upholding the chain of custody of the drugs?
>
> VIII) Did prosecutor violate Brady?

(Attachment No. 10). The South Carolina Court of Appeals dismissed Petitioner's appeal after a review of the record, direct appeal counsel's <u>Anders</u> brief, and Petitioner's *pro se* brief pursuant to <u>Anders</u> and <u>State v. Williams</u>, 406 S.E.2d 357 (S.C. 1991), and granted direct appeal counsel's motion to be relieved as counsel. (App. 434-35).

Petitioner filed a *pro se* petition for a writ of certiorari to the South Carolina

Supreme Court, raising the following issues, quoted verbatim:

> (1) Did the trial judge abuse his discretion in upholding the search warrant affidavit?

> (2) Did the trial judge abuse his discretion in not requiring the confidential informant's identity to be revealed?

> (3) Did the officer's executing search warrant violate Fourth Amendment's knock and announce statute?

> (4) Did trial judge abuse his discretion in ruling of Batson motion?

> (5) Did trial judge, solicitor, Officer's Ligon, Ervin, Lovelace, Scmittle, and Clark perjure themselves?

> (6) Did trial judge abuse his discretion in his ruling of Doyle violation?

> (7) Did trial judge abuse his discretion in upholding the chain of custody of the drugs?

> (8) Did prosecutor violate <u>Brady</u>?

> (9) The ineffective assistance of appellate counsel.

(Attachment No. 14).

In a published order,[3] the South Carolina Supreme Court denied the petition and held that, "as a matter of policy, we will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review." (Attachment No. 16). Remittitur was issued on July 8, 2010. (Attachment No. 21).

---

[3] <u>State v. Lyles</u>, 673 S.E.2d 811 (S.C. 2009).

## PCR

On April 21, 2009, Petitioner filed an application for post-conviction relief (PCR) (2009-CP-46-1759), asserting claims of ineffective assistance of trial counsel for failing to obtain the confidential informant's identity, failing to object to the trial judge's limitation of trial counsel's questioning of a State witness about the confidential informant, failing to move for a hearing on the knock and announce issue, failing to object to the admission of the drugs based on chain of custody, and failing to request a Brady hearing.  (Supp.App. 5-25).  The State served its return to the PCR application on November 12, 2009.  (App. 436-41).

An evidentiary hearing was initially held on December 2, 2009, before the Honorable Lee S. Alford, Circuit Court Judge.  (App. 455-528).  Petitioner was present and represented by F. Craig Wilkerson, Jr., Equire.  Id.  The State was represented by Assistant Attorney General Suzanne H. White.  Id.  On February 26, 2010, Judge Alford issued an Order of Dismissal.  (App. 529-554).

On May 12, 2010, Petitioner filed a Rule 59(e), SCRCP, motion to alter or amend the judgment.  (Supp.App. 26-28).  The PCR judge denied Petitioner's motion on June 3, 2010.  (App. 564-567).

On July 13, 2010, Petitioner, proceeding *pro se*, filed a second PCR application,

raising the following grounds, quoted verbatim:

> (1) Was PCR Counsel Ineffective for failing to timely appeal the denial of Applicant's first PCR Application?
>
> (2) Was PCR Counsel Ineffective for not filing a Rule 59(e) motion upon seeing that Judge Alford had failed to make a ruling on the five (5) specific issues raised in Applicant's first application?
>
> (3) Was PCR Counsel Ineffective for failure to communicate with Applicant and instruct him as to what issues could or couldn't be raised in a PCR hearing?

(App. 570-88).   Judge Alford issued a conditional order of dismissal because Petitioner's application was successive, but granted Petitioner relief pursuant to Austin v. State, 409 S.E.2d 395 (S.C. 1991), which allowed Petitioner to petition the South Carolina Supreme Court for discretionary review of the dismissal of Petitioner's first PCR application.  (App. 599-603).  Petitioner filed a response to the conditional order of dismissal in which he asserted he was entitled to a successive PCR application pursuant to Austin.  (App. 604-06).  In a final order of dismissal dated November 17, 2011, Judge Hayes found Petitioner's response was not sufficient to show why the conditional order of dismissal should not become final, and dismissed Petitioner's PCR application.  (App. 613-15).

## PCR Appeal

Petitioner served a notice of appeal from Judge Haye's order of dismissal on May 17, 2010.  (Supp.App. 29).  On appeal, Petitioner was represented by Wanda H.

Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (Attachment No. 27). Appellate PCR counsel filed a petition for a writ of certiorari to address whether Judge Alford properly granted Petitioner's request for a belated PCR appeal. Id. Appellate PCR counsel also filed a petition to be relieved as counsel and Johnson[4] petition for a writ of certiorari pursuant to Austin, which she raised the following issue:

> Trial counsel erred in failing to subpoena defense witness Crystal Collins, who admitted to ownership of the drugs in question in the case, because the colloquy from the record indicated that the trial judge would have granted counsel's motion for a continuance in order to locate Collins if counsel had previously served a subpoena on her prior to trial.

(Attachment No. 28). Petitioner filed a *pro se* response in which he raised the following issues, quoted verbatim:

> Ground (1): Was PCR counsel ineffective for not providing Petitioner with the required protections under S.C. Code Ann. § 17-27-90; and 71.18(D) SCRCP?

> Ground (2): Was trial counsel ineffective for failing to seek a Brady hearing?

> Ground (3): Was trial counsel ineffective for failure to obtain the identity of the confidential informant?

> Ground (4): Was trial counsel ineffective for failure to object to Exhibits #14 and #15 being entered into evidence being that the chain of custody was broken?

---

[4] Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

> Ground (5): Was trial counsel ineffective for failure to sufficiently challenge the knock and announce?

(Attachment No. 30). The South Carolina Supreme Court granted the petition for a writ of certiorari from Judge Alford's conditional order of dismissal from the second PCR action and proceeded with an *Austin* review of Judge Alford's order from the first PCR action. (Attachment No. 31). After consideration of the record as required by <u>Johnson</u>, the South Carolina Supreme Court denied the petition for a writ of certiorari from Judge Alford's order from the first PCR action and granted appellate PCR counsel's request to withdrawal. <u>Id</u>. Remittitur was issued on March 24, 2014. (Attachment No. 32).

**First Habeas Petition**

While his petition for rehearing was pending before the South Carolina Court of Appeals on direct appeal, Petitioner filed a petition for a writ of habeas corpus pursuant to § 2254 on May 12, 2008 (2008 Petition) in this Court. Civ. A. No. 4:08-1884-PMD-PJG. The Court found Petitioner's 2008 Petition was premature because he had not yet exhausted his state remedies, and dismissed the 2008 Petition without prejudice. <u>Id</u>.

**HABEAS ALLEGATIONS**

Petitioner raises the following allegations in his petition,[5] quoted verbatim:

### 2008 Petition

**Ground One:** Search warrant Affidavit was no good, it did not give the magistrate enough information concerning the confidential informant's reliability, veracity, basis of know. Supporting Facts: I. Officer Ligon testified that he did not put any information in his affidavit concerning the informant's reliability, veracity, time of crime, or basis of knowledge (Tr. p. 49 1. 1-13) II.  Officer Ligon testified that he told the magistrate that he had arrest warrants because of the distributions (Tr. p. 53 L. 24 - p. 54 L 25), solicitor Weaver testified that officer Ligon was mistaken about having arrest warrants (Tr. p. 60 L 19 - p. 61 L3) III. Officer Ligon testified that the magistrate simply read his affidavit and gave him a search warrant (Tr. p.43 L 20-25, p. 47 L 18-25)

**Sub-issues:**
**(A)** Franks violation - Officer Ligon testified that he informed the magistrate that he  had acquired arrest warrants for petitioners arrest due to pititioner distributing crack cocaine during the alleged controlled by.  (TR.P.53 LINE 24-, P.55 LINE 3) Solicitor Weaver testified that Officer Ligon was mistaken and that no warrants were ever drawn up, nor was petitioner charged.  (TR.P. 60 LINE 24-, P.61 LINE 3)

**(B)** Payton violation: Each officer that testified, said that petitioner was handcuffed, (TR.P.87 LINE 21-88, LINE 2, P.111, LINE 17-22, P.113 LINE 8-25, P.149 LINE 7-23) and one officer testified that petitioner was arrested, before

---

[5] In addition to the Amended Petition attached to Petitioner's original habeas petition filed in this case (2014 Petition), the 2014 Petition references and incorporates the grounds raised in his 2008 Petition.  For clarity, the undersigned adheres to Petitioner's separate numbering of the grounds for relief in all three petitions.

Defense Attorney alerted her senses that she said something wrong, in which she immediately changed her testimony. (TR.P.242 LINE 1-, P.243 LINE 10) Petitioner contends that the officers gave no valid reason for keeping him handcuffed for over two(2) hours without any arrest warrants.

**(C)** Ineffective assistance of counsel: Petitioner contends that upon trial attorney hearing solicitor Weaver concede that officer Ligon was given false testimony during the suppression hearing concerning the search warrant, it should have prompted him to request a Frank's hearing due to officer Ligon testifying that he relayed that same false information to magistrate Benfield when he went to her to get the search warrant.  (TR.P. 53-55 LINE 3).

**Ground Two:** Trial Judge should have forced the state to turn over the identity of the confidential informant[.] Supporting Facts: Applicant's attorney informed the trial judge that we felt that applicant was a victim of entrapment, and that because the informant might have planted those drugs we needed to question him (Tr p. 73 L 25 - p. 74 L 2), especially with three individuals showing up at the search which led up for drugs being found.  (Tr. p. 255 L.3 - p. 258 L. 17)

**Ground Three:** the officers executing the search warrant failed to knock on the door, and forced their way in the house without permission.  Supporting Facts: Officer Clark testified that when he walked up to the house that the front door was open, and that through a glass screen door, he could see Ms. Mitchell and Ms. Collins sitting in the front room, and that he simply opened the door and shouted "police" "search warrant" and walked on in.  (Tr. p. 156 L 14-22)

**Ground Four:** The State did not present a complete chain of custody at trial concerning the drugs. Supporting Facts:

Officer Gary Collins, who was the custodian of all the evidence, never came to court and testified concerning his dealings with the evidence, or neither did he submit a sworn affidavit concerning his dealings with the evidence. (Tr.p. 252 L 2 - p. 253 L 6,) (p. 366 L 15-20)

**Ground Five:** Batson hearing - petitioner feels that the state was in violation for striking the only black male in the jury pool.  (TR. P. 38 LINE 1, - P.40 LINE 16)

**Ground Six:** Brady violation–petitioner contends that the Solicitor failed to turn over to the defense any information concerning the controlled by such as: The drugs, The analysis of the drugs, The tape recording which was recorded via the electronic listening device, The chain of custody of both the drugs, and The Governmental funds. (TR.P. 48 LINE 5-7)

**Ground Seven:** Doyle violation–petitioner contends that Solicitor Weaver violated his rights by brining up his post arrest statements during trial (TR. P. LINE 13-,P. 294 LINE 12) (TR.P. 317 Line 20-P.323 LINE 12)

**Ground Eight:** Perjury
(A) officer Ligon testified that he had arrest warrants for petitioners arrest.  (TR.P. 54 LINE 2-25) solicitor Weaver testified that officer Ligon was mistaken.  (TR.P. 60 LINE 24-,P.61 LINE 3)

(B) Trial Judge in disagreement with defense counsel stated that "Well, they obtained the search warrant, according to the search warrant it was August 14, before the buy." (TR.P.70 LINE 1-9) (See search warrant)

(C) During suppression hearing regarding the validity of petitioners statements, officer Ervin testified that he did not remember whether one of his fellow officers made the statement "I'm taking all of y'all to jail unless somebody

says it's theirs" because he was in and out the house because they searched the yard too. (TR.P. 97 LINE 1-13) but during trial he testified that he never went out in the yard. (TR.P. 292 LINE 20-, P. 293 LINE 7) Officer Ervin also testified that he never actually seen petitioner sign the statement, and that he wasn't even familiar with the Laws on notaries (TR.P. 165 LINE 23-, P.167 LINE 12)

(D) During trial, officer Lovelace testified that no one began searching the house until after the search warrant and Miranda warnings were read. (TR.P. 218 LINE 16-25) but officer Ervin testified that while he was reading the Miranda rights form that only Schmittle and Clark were present. (TR.P. 94 LINE 14-25)

(E) During trial, officer Schmittle testified that he found petitioner in the back bedroom, he described how to get to the back bedroom, and said that he believed it to be petitioner's bedroom. (TR.P. 265 LINE 14-16), but on cross excamination, officer Schmittle testified that he infact was not one of the first officers to the back, and that he did not recall the other officers saying that petitioner came from that room. (TR.P. 269 LINE 12-21) Well, officer Clark testified that officer Smith and Schmittle were the first officers to the back and that they were the ones who handcuffed appellant. (TR.P. 155 LINE 10-15)

## 2014 Petition

**Ground One:** Was PCR Counsel ineffective for failure to protect Petitioners rights proscribed in S.C. Code Ann. § 17-29-90 and 71.1 § D SCRCP, in violation of his 14th amendment right to due process? Supporting Facts: At Petitioner's PCR hearing, held on 12-1,2-09, PCR counsel admitted that he never met with Petitioner until (2) two minutes of them walking into the PCR hearing, App. Vol. I of II, p. L.21-p.447 L.20; p. 449 L.7-10. PCR counsel failed to inform petitioner that a ruling was made on his

PCR application and thereby disqualified Petitioner from seeking a timely motion to amend judgment or appeal of the denial of PCR application.

**Ground Two:** Did trial counsel violate Petitioner's 6th and 14th amend rights due to his failure to seek a Brady hearing[.] Supporting Facts: The State alleged that officers got a search warrant via a controlled buy conducted at [REDACTED] due to Petitioner's selling drugs to a confidential informant who was wired with a listening device.  App. Vol. I of II p.43L.4-p.44 L.24; Petitioner asked trial counsel to request all the evidence from the controlled buy in which trial counsel informed Petitioner that he was barred from having access to any of that evidence.  App.Vol. I of II p.469 L. 1-19.  But at the PCR hearing, trial counsel admitted that he never inquired of requesting that evidence from the solicitor because Petitioner was not charged with that crime.  App. Vol. II of II p. 505 L.12-23.

**Ground Three:** Was Trial counsel Ineffective for failure to obtain the identity of the confidential informant in violation of Petitioner's 6th amendment right and 14th amendment right to due process?  Supporting facts: During pretrial hearing to reveal the identity of the confidential informant, the trial judge informed PCR counsel that he would make a ruling on the issue at a later time during the trial but never did.  Trial counsel never raised the issue again so that it could be ruled on thereby procedurally barring the issue from appellate review.  App. Vol. I of II p. 75 L.19-p.77 L.25.

**Ground Four:** Was trial counsel ineffective for failing to object to exhibits #14 and #15 being entered into evidence being that the chain of custody was broken in violation of Petitioner's right to due process? Supporting Facts: At trial the State failed to produce Officer Rollins at trial or a sworn statement in compliance with Rule 6(b) of

S.C.R.C.P. stating what he did with exhibits 14 and 15. During trial, trial counsel objected several time to the drugs on the basis of the chain of custody. When the State requested that exhibits 14 and 15 be entered into evidence, the trial judge asked if trial counsel had any objections and he stated no. App. Vol. I of II p. 477 L. 23-p.479 L.19.

**Ground Five:** Was trial counsel ineffective for failure to sufficient challenge the knock and announce statue of the 4th amendment thereby violating Petitioner's 14th amendment right to due process? Facts: During the pre-trial <u>Jackson v. Denno</u> hearing, trial counsel got officer Clark to admit to violating the knock and announce requirement. Instead of making a motion to be heard on the issue, Counsel simply stopped talking about it and moved on with other discussions. App. vol. I of II p.155 L.5-p.157 L.4.

**Ground Six:** Was trial counsel ineffective in violation of Petitioner's 6th amendment right to effective assistance for failure to get a continuance due to his failure to subpoena Crystal Collins? Facts: Before trial started, it became clear that Crystal Collins was not present in the courtroom. Trial counsel then requested a continuance. The trial judge denied request because counsel failed to subpoena Cyrstal Collins. App. vol. I of II p.191 L.13-p.193 L.16.

**Ground Seven:** Was PCR counsel ineffective in violation of Petitioner's 6th amendment and 14th amendment right to due process for: (A) Failure to timely seek appellate review of the denial of prior PCR application. Facts: Upon Judge Alford issuing an order dismissing Petitioner's PCR application, PCR counsel failed to notify Petitioner until some four months after the time to appeal had expired. See "motion to be allowed to file notice of intent to appeal of out of time." (B) Failure to file a Rule 59(e) motion to amend when PCR judge failed to rule on the (5) five issues attached to applicant's PCR application. Facts: Judge

Alford failed to make a ruling on the five issues that was attached to Petitioner's PCR application.  Upon PCR counsel getting the order, he never filed a Rule 59(e) motion to amend judgment.

**Ground Eight:** Was Petitioner prejudiced in violation of his 6th amendment right to a fair and timely appeal due to a conflict of interest of the South Carolina Supreme Court Chief Justice (Jean Toal) prosiding over Petitioner's issues of ineffectiveness of trial counsel, being that trial counsel worked in the Chief Justice's Husband's Law firm Johnson, Toal & Batiste?  Facts: Petitioner was represented in trial by James Shadd III who worked for the law firm of Johnson, Toal & Batiste.  App. vol. I of II p.19.L.15-18.  Petitioner filed several issues of ineffective assistance of trial counsel in his Post-Conviction Relief application.  Supp.App.p.14.  Upon PCR application being denied, PCR counsel informed Chief Justice Toal that because his officer failed to inform Petitioner of judge Alford's order denying his application, an appeal was not filed.  See Motion to be allowed to file Notice of intent to appeal out of time.  Supp.App.p.31.  Chief Justice Toal denied the Motion on June 17, 2010.  App. II of II p. 568-69.  Petitioner then filed a second PCR application on July 13, 2010 claiming PCR counsel violated his right to effective assistance of counsel for failure to protect Petitioner's rights under S.C. Code Ann. § 17-27-100, right to seek appellate review of the denial of his PCR application.  After an order from judge Hayes granting Petitioner a belated review of judge Alford's order, Petitioner's appellate counsel (Wanda Carter) filed a brief claiming Petitioner's appeal was without merit.  Chief Justice Toal granted appellate counsel's request to withdraw form representation and denied Petitioner's writ of certiorari from judge Alford's order.  Appellate Case No. 2011-205286 dated March 6th, 2014.

## Amended Petition

**Ground One:** Did the S.C. Supreme Court's ruling on Petitioner's direct appeal effectively nullify the process so as to deny Petitioner a first appeal as of right, thereby denying him equal protection and due process of law under the fourteenth amendment of the U.S. constitution?

**Ground Two:** Did the S.C. Supreme Court's ruling declaring that the granting of an Anders brief was not a ruling on the merits, contradict the United States Supreme Court's ruling that it was a ruling on the merits, and did this violate Petitioner's rights under the fourteenth amendment under the U.S. Constitution?

**Ground Three:** Did the S.C. Supreme Court's ruling changing the standards of certiorari review violate Petitioner's rights under the fourteeth amendment by violating the prohibition against Ex-Post facto laws, thereby denying him equal Protection and due process of law?

**Ground Four:** Did the S.C. Supreme Court's ruling in Petitioner's direct appeal, coupled with P.C.R. counsel's ineffectiveness, and the P.C.R. judges contradicatory understanding of the state supreme court's order, effectively nullify the process so as to violated the fourteenth amendment's equal protection and due process of law?

**Ground Five(1):** Petitioner contends that the following grounds constitute violations of Martinez v. Ryan, __US__ 132 S.Ct. 1309 (2012) and seek to amend them to his current habeas corpus Petition:

**(A)** Was trial counsel ineffective for failing to raise a Franks violation at trial after hearing solicitor Weaver testify that officer Ligon infact did not have any arrest warrants as he informed magistrate Benfield in violation of Petitioner's 6th and 14th amendments?

**(B)** Was trial counsel ineffective in violation of the sixth amendment for failure to properly challenge the <u>Payton</u> violation at trial?

**(C)** Was Petitioner's 6th and 14th amendments violated when PCR counsel failed to file a Rule 59(e) motion to alter or amend judgment when the PCR judge failed to make a ruling on the <u>Franks</u> violation?

**Ground Five(2)(A):** Whether trial counsel was ineffective for failing to request for the trial judge to make a ruling concerning the hearing to reveal the confidential informant's identity?

**(B)** Whether trial counsel was ineffective for failing to object to the trial judge's ruling limiting his questioning of the State's witness concerning the confidential informant?

**(C)** Whether trial counsel was ineffective for failure to seek a hearing concerning Rule 3109 of the 14th amendments knock and announcement clause?

**(D)** Whether trial counsel was ineffective for failing to object to Exhibits #14 and #15 being put in as evidence, being that the state failed to present a complete chain of custody?

**(E)** Whether trial counsel was ineffective for failure to request a Brady hearing due to Solicitor Weaver failing to turn over to the defense the evidence from the control buy?

(Amended Petition).

## <u>STANDARD FOR SUMMARY JUDGMENT</u>

The federal court is charged with liberally construing the complaints filed by

<u>pro se</u> litigants, to allow them to fully develop potentially meritorious cases.  <u>See</u> <u>Cruz</u>

v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.  Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find

for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


## **STANDARD OF REVIEW**

In addition to the standard the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual

findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The United States Supreme Court has clearly stated the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South

Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure

to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See <u>Murray v. Carrier</u>, 477 U.S.478, 496 (1986).

## ANALYSIS

### 2008 Petition

### Ground One

In Ground One, Petitioner argues the search warrant did not contain sufficient facts to support the reliability and veracity of the confidential informant. Respondent argues this claim is barred because Petitioner had a full and fair opportunity to litigate this issue in state court, and regardless, the claim lacks merit.

The Court finds Petitioner had a full and fair opportunity to raise this Fourth Amendment claim in state court, and therefore, the claim is barred. <u>See Stone v. Powell</u>, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). In <u>Doleman v. Muncy</u>, the Fourth Circuit adopted a framework for district courts to employ when

considering a Fourth Amendment claim in a § 2254 petition:

> We hold that in its analysis of a petition for habeas corpus under 28 U.S.C. s 2254, a district court, when faced with allegations presenting Fourth Amendment claims, should, under the rule in Stone v. Powell, supra, first inquire as to whether or not the petitioner was afforded an Opportunity to raise his Fourth Amendment claims under the then existing state practice. This may be determined, at least in this Circuit, from the relevant state statutes, the applicable state court decisions, and from judicial notice of state practice by the district court.
>
> Second, we hold that when the district court has made the "opportunity" inquiry, it need not inquire further into the merits of the petitioner's case, when applying Stone v. Powell, supra, unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired.

579 F.2d 1258, 1265 (4th Cir. 1978).

The trial judge held a pretrial hearing on Petitioner's motion to suppress evidence found as result of the execution of the search warrant. (App. 42). Petitioner's central argument was that the officers lacked probable cause to issue the search warrant because the affidavit supporting the warrant lacked indica of reliability of the confidential informant. (App. 42-65). The trial judge denied Petitioner's motion after hearing testimony and argument from counsel. (App. 65). On direct appeal, Petitioner raised in his pro se brief that the trial judge abused its discretion in upholding the search warrant. Accordingly, the Court finds Petitioner had a full and

fair opportunity to litigate this Fourth Amendment claim in state court; consequently, per <u>Stone v. Powell</u>, <u>supra</u>, this claim is barred.

<u>Ground One (A)</u>

Petitioner argues the search warrant was invalid because of false testimony by Officer Ligon, in violation of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Respondent argues this claim is procedurally barred, and regardless, the claim lacks merit.

The Court finds this claim is procedurally barred because it was not raised at trial, and therefore, the claim was not preserved for appellate review. <u>See Smith v. Murray</u>, <u>supra</u>; <u>see also State v. Dunbar</u>, 587 S.E.2d 691, 693-94 (S.C. 2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

In his response in opposition to Respondent's summary judgment motion, Petitioner argues trial counsel's ineffectiveness in not raising the issue at trial is cause for the Court to excuse the procedural bar to raising this claim. The Court may excuse a procedural bar "if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>see also Stricker v. Greene</u>, 527 U.S. 263,

n.24 (1999) (stating "cause" ordinarily requires "some objective factor external to the

defense [that] impeded counsel's efforts to comply with the State's procedural rule.")

(quoting Murray, supra).

Petitioner's claim that trial counsel's ineffectiveness is cause to excuse the

procedural bar is not properly before this Court because it was not raised at PCR, and

therefore, the claim was not exhausted.  See Murray, 477 U.S. at 488-89 (stating the

exhaustion doctrine "generally requires that a claim of ineffective assistance be

presented to the state courts as an independent claim before it may be used to establish

cause for a procedural default").  Therefore, it is recommended that this issue be

dismissed as procedurally barred. [6]

Ground One (B)

Petitioner argues he was arrested in his home without a warrant, in violation of

Payton v. New York, 445 U.S. 573 (1980).  Respondent argues this claim is

procedurally barred, and regardless, the claim lacks merit.  In his response in

opposition to Respondent's summary judgment motion, Petitioner argues trial

---

[6] Additionally, a Franks violation occurs when a affidavit supporting a warrant contains material falsehoods or omissions, see Simmons v. Poe, 47 F.3d 1370, 1383 (4th Cir. 1995), but the falsehood alleged by Petitioner occurred during the suppression hearing at trial.  Officer Ligon mistakenly testified at the suppression hearing that prior to searching Petitioner's residence, he had a warrant for Petitioner's arrest, when actually, he only had a search warrant. (App. 54, 61).  However, the solicitor corrected Officer Ligon's mistake for the record, at the conclusion of his testimony.  (App. 61).  Because Petitioner has not alleged that the warrant or supporting affidavit contained falsehoods or omissions, the claim is patently without merit.

counsel's ineffectiveness in not raising the issue at trial is cause for the Court to excuse the procedural bar.

The Court finds this claim is procedurally barred because it was not raised at trial, and therefore, the claim was not preserved for appellate review. See Smith v. Murray, supra; see also Dunbar, supra. Petitioner claims that trial counsel's ineffectiveness is cause to excuse the procedural bar. In the PCR order of dismissal, the PCR addressed Petitioner's allegation that trial counsel was ineffective for failing to challenge his warrantless arrest under Payton v. New York. Petitioner testified at the PCR hearing that his warrantless arrest was a Payton violation because the officers did not have a warrant for his arrest, there were no exigent circumstances and trial counsel was ineffective for failing to challenge his arrest at trial on this ground. The PCR court concluded trial counsel was not ineffective for failing to specifically argue a violation under Payton. The PCR court concluded that, based on the record, law enforcement had probable cause to arrest the Applicant as a result of the controlled buy, not the search warrant, and counsel made several challenges to the search warrant which were denied by the trial judge. The PCR court denied the allegation finding trial counsel's performance did not fall below an objective standard of reasonableness for not specifically arguing Payton in his pre-trial motions and that Petitioner failed to present any evidence at PCR to demonstrate that the result would have been different

had trial counsel made such an argument.[7] The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Additionally, Petitioner has not demonstrated actual prejudice.

Accordingly, Petitioner failed to demonstrate trial counsel's ineffectiveness was cause to excuse the procedural default. See Murray v. Carrier, supra. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to this issue.

Ground One (C)

Petitioner argues trial counsel was ineffective for failing to request a Franks hearing. Respondent argues this claim is procedurally barred, and regardless,

_____

[7] Additionally, the police in this case entered Petitioner's residence with a search warrant and arrested Petitioner after finding drugs in his possession. Because the police had a search warrant, their entry into Petitioner's home was not warrantless, and the arrest was not in contravention to Payton. See Payton, 445 U.S. at 576 (holding the Fourth Amendment "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest").

the claim lacks merit.  In his response in opposition to Respondent's summary judgment motion, Petitioner argues trial counsel's ineffectiveness in not raising the issue at trial is cause for the Court to excuse the procedural bar.

The Court finds this claim is procedurally barred because as explained in the Court's analysis of Ground (A), it was not raised at the PCR hearing, and therefore, the claim was not preserved for appellate review.  See Smith v. Murray, supra; see also Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating issue not preserved for review where it was neither raised to nor ruled on by the PCR judge).  As to Petitioner's claim that trial counsel's ineffectiveness is cause to excuse the procedural bar, the Court first notes trial counsel could not have caused the procedural bar as to this claim because the procedural bar occurred during Petitioner's PCR action.  To the extent Petitioner claims that Martinez v. Ryan,132 S. Ct. 1309 (2012), allows him to overcome the procedural bar as to whether trial counsel was ineffective for not moving for a Franks hearing, the Court finds Petitioner has failed to demonstrate cause to excuse the procedural bar. In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural bar of a claim of ineffectiveness of trial counsel. Martinez, 132 S.Ct. at 1319. The Martinez Court held that inadequate

assistance of counsel "at initial-review collateral review proceedings may establish

cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that:

> [w]e . . . read *Coleman* as containing an exception, allowing
> a federal habeas court to find "cause," thereby excusing a
> defendant's procedural default, where (1) the claim of
> "ineffective assistance of trial counsel" was a "substantial"
> claim; (2) the "cause" consisted of there being "no counsel"
> or only "ineffective" counsel during the state collateral
> review proceeding; (3) the state collateral review
> proceeding was the "initial" review proceeding in respect
> to the "ineffective-assistance-of-trial-counsel claim"; and
> (4) state law requires that an "ineffective assistance of trial
> counsel [claim] . . . be raised in an initial-review collateral
> proceeding."

Trevino v. Thaler, 569 U.S. ——, ——, 133 S. Ct. 1911, 1918, 185 L. Ed.2d 1044

(2013) (citing Martinez, 132 S.Ct. at 1318–19, 1320–21); see also Sexton v. Cozner,

679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the

following: "a reviewing court must determine whether the petitioner's attorney in the

first collateral proceeding was ineffective under Strickland, whether the petitioner's

claim of ineffective assistance of trial counsel is substantial, and whether there is

prejudice").

    To establish cause under Martinez, Petitioner  must demonstrate (1) that his

PCR  counsel  was  ineffective  under  Strickland  and  (2)  that  "the  underlying

ineffective-assistance-of-trial-counsel claim is a substantial one." Martinez, 132 S.Ct. at 1318. Therefore, Petitioner must show that PCR counsel's failure to raise this issue at PCR or to file a Rule 59(e) motion was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner has not shown that his PCR counsel was ineffective under Strickland and that the underlying ineffective claim of trial counsel is substantially meritorious to overcome the procedural bar. As explained above in this Court's analysis of Ground One(A) of the 2008 Petition, Franks is not implicated in this case because the falsehood alleged by Petitioner occurred during Officer Ligon's testimony at the suppression hearing, not in the affidavit supporting the search warrant. See Simmons,

supra.  Accordingly, Petitioner cannot demonstrate that the underlying ineffective assistance of counsel claim is substantial, nor can he show PCR counsel was ineffective for failing to raise the issue at the PCR hearing.  See Martinez, supra.

## Ground Two

Petitioner argues the trial judge erred because he did not order the State to reveal the confidential informant's identity.  Respondent argues this claim is procedurally barred, and regardless, the claim lacks merit.  In his response in opposition to Respondent's summary judgment motion, Petitioner argues trial counsel's ineffectiveness in not raising the issue at trial is cause for the Court to excuse the procedural bar.

At trial, counsel  moved to have the State reveal the name of the confidential informant. The record reflects the trial judge stated as follows:

> My concern at this point in time, I do want to see the case that you're talking about, so I'm going to take the case under advisement. I don't know the validity or whether or not the defense is accurate in stating that the informant may have been present at the execution of the warrant and assisted in locating the drugs. If that did occur, then may make him more than a mere tipster, if he's there helping them execute the warrant. So, I have a little bit of concern about that. I realize that's an allegation made by a defense attorney who's telling me that he did not know exactly who this person is...what I may do, as the trial goes on, if there is evidence that the confidential informant was present when the warrant was executed, then I may reconsider a ruling, but I'm not make a ruling at this point in time. I'll see your case and take at look at that.

(Tr. 75-76).

Initially, the issue of trial court error was denied on direct appeal by the South Carolina Supreme Court pursuant to an <u>Anders</u> review. Assuming, as the PCR court found, that the trial court did in fact rule on this issue, the claim involves an issue of state law which is not cognizable under federal habeas review. Assuming, *arguendo*, the trial court did not rule on this issue and trial counsel error for not obtaining a ruling establishes cause to overcome the default, Petitioner fails to show prejudice[8] had a ruling been obtained.

Also, Petitioner raises this issue as an ineffective assistance of counsel claim which is addressed, <u>infra</u>.


## Ground Three

Petitioner argues the officers executing the search warrant violated the knock-and-announce rule. Respondent argues this claim is barred because Petitioner had a full and fair opportunity to litigate this issue in state court, and regardless, the claim lacks merit. In his response in opposition to Respondent's summary judgment motion,

---

[8] Not only does Petitioner fail to show the trial judge would have had a basis to grant the motion to reveal the identity of the confidential informant, <u>see</u> note 16, <u>infra</u>., but he fails to show "not merely that the errors at. . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. <u>Murray v. Carrier</u>, <u>supra</u>, quoting <u>United States v. Frady</u>, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); <u>see</u> also <u>Casey v. Stevenson</u>, 2015 WL 5998650 (D.S.C. 2015)("To show actual prejudice, the petitioner must demonstrate more than plain error").

Petitioner argues trial counsel's ineffectiveness in not raising the issue at trial is cause for the Court to excuse the procedural bar.

The Court finds Petitioner's claim is barred pursuant to <u>Stone v. Powell</u>, <u>supra</u>, because Petitioner had a full and fair opportunity to litigate this issue at trial. At trial, the trial judge held a hearing on Petitioner's motion to suppress evidence found as result of the execution of the search warrant. (App. 42). The officers testified they went to Petitioner's residence to execute a search warrant, and when they arrived, the front door was open but the "screen glass" door was still closed. (App. 156). The officers testified they opened the screen door when they saw two individuals through the screen door, and after they had announced that they were police executing a search warrant. <u>Id</u>. Petitioner did not move to suppress the search based on this information, but he had the opportunity to do so at trial. On direct appeal, the Petitioner raised the issue of whether or not the officers executing the search warrant violated the Fourth Amendment knock and announce statute. Accordingly, Petitioner's knock-and-announce claim is barred under <u>Stone v. Powell</u>.

## **Ground Four**

Petitioner argues the drugs introduced at trial (Exhibits #14 and #15) were not admissible because the chain of custody was not properly established. Respondent

argues this claim is not cognizable in a federal habeas action because it does not allege a violation of the United States Constitution or a federal law.

The Court agrees that Petitioner's chain of custody claim is not cognizable in a federal habeas action because it presents a matter of state law. See Pulley v. Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). South Carolina's chain of custody rules are matters of state evidentiary law and trial procedure. See State v. Sweet, 647 S.E.2d 202, 206 (S.C. 2007) ( "Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness" and "the chain of custody need not negate all possibility of tampering so long as the party seeking to admit the evidence has established a complete chain of custody at least as far as practicable." (Internal cites omitted)). Accordingly, Petitioner's chain of custody claim does not present a matter arising under the United States Constitution or federal laws that this Court can review in a federal habeas petition.

**<u>Ground Five</u>**

Petitioner argues the State violated <u>Batson</u>[9] when it struck the sole black juror

---

[9] <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

(Juror 170) from the venire. Respondent argues this claim is procedurally barred because it was not raised to the trial judge, and regardless, the claim is without merit. In his response to Respondent's motion for summary judgment, Petitioner contends the Court should find cause to excuse the procedural bar based on the ineffectiveness of PCR counsel.

Initially, the Court finds Petitioner's Batson claim is not procedurally barred because Petitioner challenged the State's strike of Juror 170 and the trial judge ruled the State demonstrated race-neutral reasons why it excluded Juror 170. See Smith v. Murray, supra; see also Dunbar, supra. Also, Petitioner raised this issue on appeal in his *pro se* response to the Anders[10] brief filed on his behalf.

On the merits, the Court finds the trial judge's finding that the State demonstrated race-neutral reasons why it excluded Juror 170 is not contrary or to or an unreasonable application of federal law. "Although a prosecutor ordinarily is entitled to exercise permitted peremptory challenges 'for any reason at all, as long as that reason is related to his view concerning the outcome' of the case to be tried the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." Batson, 476 U.S.

---

[10] Anders v. California, 386 U.S. 738 (1967).

at 89 (citations omitted).  In deciding whether a <u>Batson</u> violation has occurred, the

Court employs a three-part test:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race.  Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question.  Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 328-29 (2003) (citations omitted).

At trial, Petitioner challenged the State's strike of Juror 170 pursuant to <u>Batson</u>.

(App. 38).  The State asserted it struck Juror 170 based on the juror's admission that

he had poor eyesight, and also because it believed the juror had several convictions

on his record, including breaking and entering into a car, larceny, and receiving stolen

goods.  (App. 40).  The State admitted it was not certain that Juror 170 was the same

person who had the criminal record, but it decided to strike the juror out of an

abundance of caution.  <u>Id</u>.  The trial judge ruled the State demonstrated race-neutral

reasons why it excluded Juror 170.  <u>Id</u>.

Juror 170's possible criminal record and impaired faculties are race-neutral

reasons to strike a juror.  <u>See</u> <u>United States v. Forrest</u>, 402 F.3d 678, 687 (6th Cir.

2005) (finding a district court did not err in refusing to grant a mistrial over an alleged

<u>Batson</u> violation where the district court found the government's explanation for

striking a juror was that she had a criminal record).  Further, Petitioner cannot establish that the State's race-neutral reasons were pretextual because the State also struck a white juror who had pending charges, and all of the State's four strikes were used for jurors with either pending criminal charges or relatives with criminal charges. (App. 39).  Based on the foregoing, the state court's decision regarding the <u>Batson</u> ruling was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." <u>Id</u>. § 2254(d)(1),(2).

## Ground Six

Petitioner argues the State violated <u>Brady</u>[11] by not disclosing evidence from the controlled buy.  Respondent argues this claim is procedurally barred because it was not raised at trial, and regardless, the claim is without merit.  In his response in opposition to Respondent's motion for summary judgment, Petitioner argues trial counsel's ineffectiveness in failing to raise this issue at trial is cause to excuse the procedural bar.

The Court finds this claim is procedurally barred because Petitioner did not

---

[11] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

raise a <u>Brady</u> issue at trial, and consequently, the issue was not preserved for appellate review. <u>See</u> <u>Smith v. Murray</u>, <u>supra</u>; <u>see also</u> <u>Dunbar</u>, <u>supra</u>.

As to Petitioner's claim that trial counsel's failure to raise the issue at trial is cause to excuse the procedural bar, the argument fails. At PCR, Petitioner argued that trial counsel was ineffective for failing to ask the trial court to hold the <u>Brady</u> hearing on the record. Trial counsel testified he did not move for a <u>Brady</u>[12] hearing to seek the confidential informant's identity and the recording of the controlled buy because that evidence related to Petitioner's distribution charge, but not his trafficking charge, for which he was on trial. (App. 505). The PCR court found that trial counsel's decision not to request a <u>Brady</u> hearing on the record did not fall below an objective standard of reasonableness. The PCR court concluded that "[t]he audiotape was not related to the crime with which the Applicant was charged, and therefore, was not exculpatory evidence to which the Applicant would have been entitled. Second, trial counsel made a motion to compel the State to disclose the confidential informant's identity, but his motion was denied. This does not constitute a violation under <u>Brady</u>. Regardless, the Applicant failed to present any evidence that the material he alleges the State withheld

---

[12] "To establish that a Brady violation undermines a conviction, a convicted defendant must make each of three showings: (1) the evidence at issue is 'favorable to the accused, either because it is exculpatory, or because it is impeaching'; (2) the State suppressed the evidence, 'either willfully or inadvertently'; and (3) 'prejudice . . . ensued.' " <u>Skinner v. Switzer</u>, 562 U.S. 521, 536 (2011) (citing <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999)).

was material or favorable to him. Therefore, this allegation is denied." (Tr. 552). Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Because the underlying <u>Brady</u> claim is patently without merit, Petitioner cannot demonstrate that trial counsel was ineffective for failing to raise the issue at trial to establish cause to excuse the procedural bar.  <u>See</u> <u>Murray v. Carrier</u>, <u>supra</u>. Therefore, it is recommended that Respondent's motion for summary judgment be granted and this issue dismissed as procedurally barred.

**<u>Ground Seven</u>**

Petitioner argues the trial judge erred by overruling his <u>Doyle</u>[13] objection after the solicitor impeached Petitioner with testimony from Officer Ervin that Petitioner refused to answer the officer's questions after Petitioner was Mirandized.  Respondent argues this claim lacks merit because Petitioner failed to show the state court made an unreasonable determination of the facts in regards to this claim.

"In <u>Doyle v. Ohio</u>, 426 U.S., at 619, 96 S. Ct., at 2245, we held that the use for

_____

[13] <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976).

impeachment purposes of a defendant's silence, at the time of arrest and after receiving Miranda warnings, violates the Due Process Clause of the Fourteenth Amendment. This rule rests on the fundamental unfairness of implicitly assuring a suspect that his silence will not be used against him and then using his silence to impeach an explanation subsequently offered at trial." Brecht v. Abrahamson, 507 U.S. 619, 628 (1993) (citing Wainwright v. Greenfield, 474 U.S. 284 (1986)) (internal quotation marks omitted). "[T]he standard for determining whether habeas relief must be granted is whether the Doyle error 'had substantial and injurious effect or influence in determining the jury's verdict.' " Id at 623 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

At trial, the following colloquy between the solicitor and Officer Ervin occurred:

> Q: At the time that the defendant, Clifton Lyles, [and the other residents] signed that Miranda rights form, had any of them claimed possession of the drugs found in the trash can?
>
> A: No ma'am.
>
> Q: And at any time after reading the Miranda rights to the defendant, Clifton Lyles, [and the other residents], did any of them request an attorney?

(App. 294).

Trial counsel objected, arguing the solicitor's question violated Petitioner's

Fifth Amendment right to remain silent. (App. 294, 319-324). The solicitor countered that her question was in response to trial counsel's questions on cross-examination of the officer about whether Petitioner and the other residents were suspects. (App. 323). The trial judge overruled trial counsel's objection. (App. 324).          Even if inferences could arguably be drawn from the colloquy, the state court's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2).[14] Therefore, the solicitor's question did not likely have a "substantial and injurious effect or influence in determining the jury's verdict." See Brecht, 507 U.S. at 623.

**Ground Eight (A - E)**

Petitioner argues his right to due process was denied because of several instances of perjured testimony by the State's witnesses at trial. Respondent argues these claims are procedurally barred because they were not raised at trial, and regardless, the claims are without merit. In his response in opposition to Respondent's motion for summary judgment, Petitioner argues PCR counsel's

---

[14] Additionally, even assuming trial court error, the evidence presented prior to the solicitor's question showed Petitioner admitted to the same officer that the drugs found in the trashcan belonged to him.

ineffectiveness in failing to raise these issues at the PCR hearing is cause to excuse his procedural bar to raise these claims.

The Court finds these claims are procedurally barred because they were not raised at trial, and consequently, the issues were not preserved for appellate review. See Smith, supra; see also Dunbar, supra.

As to Petitioner's claim that PCR counsel's ineffectiveness is cause to excuse the procedural bar, the Court notes these claims are barred because they were not raised at trial, not because they were not raised at the PCR hearing. To the extent Petitioner's argument can be construed to allege trial counsel's ineffectiveness in not raising these issues at trial is cause to excuse the procedural bar, the Court finds the claim would not be properly before this Court because it was not raised at PCR, and therefore, the claim was not exhausted. See Murray, 477 U.S. at 488-89.

## 2014 Petition

## Ground One

Petitioner argues PCR counsel was ineffective because he only met Petitioner once, two minutes before the PCR hearing, and he failed to timely inform Petitioner the PCR application was dismissed, which prevented Petitioner from timely filing an appeal. Respondent argues Petitioner fails to state a claim upon which federal habeas relief can be granted in this claim.

The Court finds Petitioner has failed to state a claim upon which relief may be granted because the ineffective assistance of PCR counsel is not a cognizable ground for relief in a federal habeas petition.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[A] petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.") (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)); see also Martinez 132 S. Ct. at 1320 (stating that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause' " for an otherwise procedurally defaulted ineffective assistance of trial counsel claim). Accordingly, this claims fails to state a claim upon which relief may be granted by the Court.

**Ground Two**

Petitioner argues trial counsel was ineffective for failing to seek a Brady hearing on the evidence obtained by the State in the controlled buy.  Respondent argues the PCR judge's ruling on this issue was a reasonable determination of the

facts and not contrary to federal law, and further, Petitioner failed to show he was prejudiced.

The PCR judge found trial counsel was not ineffective because the evidence from the controlled buy was related to a different crime, and therefore, it was not exculpatory as required to find a <u>Brady</u> violation. (App. 551-52). The PCR judge also found Petitioner failed to present any evidence that was favorable to his defense.

The Court finds the PCR judge's decision is not contrary to, or an unreasonable application of, clearly established federal law. <u>See</u> § 2254(d). As explained in the Court's analysis of Ground Six of the 2008 Petition, the evidence held by the State from the controlled buy was not relevant to Petitioner's guilt or innocence as to the trafficking charge. <u>See</u> <u>Skinner</u>, 562 U.S. at 536.[15] Consequently, trial counsel had

_____

[15] As outlined previously, the PCR court found trial counsel testified that he did not request a <u>Brady</u> hearing because the Petitioner was not charged with or on trial for distribution of the drugs involved in the controlled buy that was the subject of the electronic recordings. He explained that the electronic listening device or recording was completely unrelated to the trafficking charge at issue. (Tr. 551).

By way of background, Petitioner was originally charged with distribution of crack cocaine as a result of a controlled buy conducted by the Kershaw County Sheriff's Office, but the charge was dropped after Petitioner was allowed to withdraw his guilty plea. (App. 459). However, as a result of the information learned from the controlled buy, the sheriff's office obtained a search warrant from a magistrate. (App. 44-45). The sheriff's office found crack cocaine in Petitioner's possession while executing the search warrant at his residence, which led to a charge of trafficking of crack cocaine, and ultimately to Petitioner's conviction. (App. 102, 112-13). Therefore, any evidence held by the State from the controlled buy was only relevant to Petitioner's guilt or innocence as to the distribution charge, which was dropped. Petitioner has not demonstrated a factual basis to support a <u>Brady</u> claim because the controlled buy evidence is only relevant to whether the officers had probable cause to support the search warrant, but the evidence is of no consequence to Petitioner's factual guilt or innocence to trafficking crack cocaine. <u>See</u> <u>Skinner</u>, <u>supra</u> ("<u>Brady</u> proscribes withholding evidence 'favorable to an accused'

no basis to raise a <u>Brady</u> issue at trial, and Petitioner fails to show the PCR judge's finding that trial counsel was ineffective was contrary to federal law.

## Ground Three

Petitioner argues trial counsel was ineffective because he failed to obtain a ruling on his motion to reveal the confidential informant's identity.[16]  Respondent argues the PCR judge's factual findings on this issue are not unreasonable, and also that Petitioner was not entitled to obtain the confidential informant's identity.

The PCR judge found trial counsel was not ineffective because trial counsel moved to reveal the confidential informant's identity, and the trial court denied counsel's motion. (App. 541). At the PCR hearing, trial counsel testified that he made a motion to compel the State to reveal the identity of the confidential informant and

---

and 'material to his guilt or to punishment.' ").

[16]  "Although the State is generally privileged from revealing the name of a confidential informant, disclosure may be required when the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused."  <u>See</u> <u>State v. Humphries</u>, 579 S.E.2d 613, 614-15 (S.C. 2003) (citing <u>State v. Shupper</u>, 207 S.E.2d 799 (S.C. 1974)).  "For instance, if the informant is an active participant in the criminal transaction and/or a material witness on the issue of guilt or innocence, disclosure of his identity may be required depending upon the facts and circumstances."  <u>Id</u> at 615 (citing <u>State v. Burney</u> 362 S.E.2d 635 (S.C. 1987)).  "On the other hand, an informant's identity need not be disclosed where he possesses only a peripheral knowledge of the crime or is a mere 'tipster' who supplies a lead to law enforcement."  <u>Id</u>.

the trial judge denied the motion. The PCR court held as follows:

> First, this Court finds the Applicant's testimony that counsel was ineffective for failing to obtain the identity of the confidential informant is not credible, while also finding that counsel's testimony is credible. The Applicant testified that even a drug dog did not find the drugs. The transcript reflects that the drug dog was not available that week and was not used. The Applicant also testified that three people showed up outside the residence while the search was in progress. Further, that none of these three persons was charged. He intimated in his testimony that one of the three persons was the confidential information referred to in the search warrant, and that the confidential informant must have hidden the drugs previously and told the police where to look when they did not find the drugs themselves. The Applicant testified the drugs were found under the trash bag in the trashcan. Testimony of the officers at trial revealed that the three persons who showed up were relatives and a friend of either the Applicant or Collins. They were searched, cleared for outstanding warrants, and let go.

> Lieutenant Lovelace testified that she found the drugs in a plastic bag mixed in with the trash. She testified she searched the refrigerator and other places in the residence where drugs are frequently found. She testified that she also found drugs in numerous trashcans in other cases. She described the search of the trashcan that was conducted with the help of Officer Schmittel. They used gloves and transferred the trash piece by piece into anther trash bag. She and other officers testified that the Applicant, having been advised of his Constitutional rights, admitted the drugs were his. When asked the weight of the drugs, he gave a weight that was very close to the actual weight without seeing the package of drugs.

> Therefore, this Court finds that trial counsel was not

> ineffective for failing to obtain the confidential informant's identity. In addition to trial counsel's testimony, the record clearly establishes that trial counsel did argue a motion to compel the State to disclose the confidential informant's identify. The trial court denied counsel's motion.

(Tr. 540-541).

The record establishes that trial counsel did argue a motion to compel the State to disclose the confidential informant's identity. Trial counsel testified that the trial court denied the motion. The PCR court found the trial judge denied the motion. Based on a reading of the transcript, the PCR court's determination is not an unreasonable determination of the facts.

Additionally, the PCR court found that Petitioner failed to show prejudice. Petitioner alleges the confidential informant was present during the sheriff's office's search of the residence where the crack cocaine was found, but Petitioner provided no evidence to support this allegation. See Strickland, supra (providing the burden is on the petitioner to demonstrate counsel's ineffectiveness); see also Gray v. United States, Civ. A. No. 5:12-CV-740-FL, 2014 WL 2917044 (E.D.N.C. June 26, 2014) ("The burden of proof lies with the petitioner and a petitioner's conclusory statements will not suffice to overcome such burden.") (citing United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005)).  Otherwise, the confidential informant's only involvement in this case was taking part in the controlled buy that established probable cause for

the search warrant.  (App. 44-45).  The PCR court found that the officer's testimony at trial revealed that the three persons who showed up were friends and/or relatives of either the Petitioner or his girlfriend, Collins. They were searched, cleared for outstanding warrants, and let go. (Tr. 540). Therefore, the PCR court concluded that based on the record and the officer's testimony, Petitioner failed to establish he was prejudiced by not learning the confidential informant's identity. Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1),(2). The PCR judge's finding that trial counsel was not ineffective was not unreasonable in light of Petitioner's inability to establish that he was prejudiced.  See Strickland, supra. Therefore, it is recommended that this ground be dismissed and summary judgment granted for Respondent in regard to this issue.

## Ground Four

Petitioner argues trial counsel was ineffective because he did not object to the admission of the drug evidence (Exhibits #14 and #15) based on an inadequate chain

of custody.  Respondent argues Petitioner cannot show that the PCR judge made an

unreasonable determination of the facts or that he unreasonably applied federal law

in denying relief upon this claim.

The PCR court found the following with regard to Petitioner's argument that

counsel was ineffective for failing to object to the admission of Exhibits #14 and #15

into evidence:

> The Applicant also alleges that trial counsel was ineffective
> for failing to object to the admission of State's Exhibits #14
> and #15 into evidence. The Applicant testified that State's
> exhibit #14 was allegedly 20.34 grams of crack cocaine,
> and that State's exhibit #15 was allegedly a trace amount of
> crack cocaine. The Applicant acknowledged that trial
> counsel objected to the admission of these exhibits into
> evidence from the very beginning of the trial, but that trial
> counsel later retracted his objections and allowed the
> exhibits to be entered into evidence.
>
> Trial counsel testified that he objected to the State
> admitting exhibits #14 and #15 into evidence, and that he
> believed he was able to preserve the record for the
> Applicant. He testified that in addition to making several
> objections to the State's evidence, he also renewed his
> objections that he made the previous day. This court finds
> that the Applicant's testimony regarding trial counsel's
> alleged failure to object to the admission of this evidence at
> trial is not credible, while also finding that trial counsel's
> testimony is credible. Trial counsel made the necessary
> objections and preserved the issue for appeal. Therefore,
> counsel's performance was not deficient and his conduct
> did not fall below an objective standard of reasonableness.
> Furthermore, the Applicant failed to show any prejudice
> resulting from any alleged deficiency.

. . .

> Trial counsel objected to the chain of custody several times. The trial court was well within its discretion to deny trial counsel's motion.

(Tr. 546-547).

The PCR court found counsel did object and, thus, no error. It further found that the trial judge properly overruled the objection based on the chain of custody. Finally, it found that Petitioner failed to show resulting prejudice. Exhibit #14 and #15 are the exhibits of crack cocaine found when the search warrant was executed. Thus, the same arguments as to the chain of custody applied to each. Clearly, trial counsel objected to Exhibit #15[17] which was overruled by the trial court. (Tr. 269).

Petitioner fails to show why the evidence should have been excluded, factually or legally. See State v. Sweet, supra, ("Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness" and "the chain of custody need not negate all possibility of tampering so long as the party seeking to admit the evidence has established a complete chain of custody at least as far as practicable." (Internal cites omitted)). Petitioner has not demonstrated any deficiency in trial counsel's objection as the State

---

[17] It does not appear that an objection was entered as to Exhibit #14.

presented testimony to show the identity of the actors who handled the evidence, the manner in which they handled the evidence, and Petitioner has not alleged or shown any evidence of tampering, bad faith, or ill-motive.  See Sweet, 647 S.E.2d at 205-06. Accordingly, Petitioner fails to show that the PCR court's ruling was contrary to or an unreasonable application of clearly established federal law.  See § 2254(d).


## Ground Five

Petitioner argues trial counsel was ineffective because he did not challenge the officers' violation of the knock and announce rule.  Respondent argues Petitioner cannot show the PCR judge unreasonably applied federal law or determined the facts in denying Petitioner's ineffective assistance of counsel claim.

The PCR judge found trial counsel was not ineffective because he challenged the search warrant, and during the pre-trial suppression hearing, he cross-examined the officers about the knock and announce rule, but he was interrupted by the solicitor's objection, which was sustained by the trial judge.  (App. 544).

The Court finds the PCR judge's ruling is not contrary to or an unreasonable application of clearly established federal law.  See § 2254(d).  As explained above in the Court's analysis of Ground Three of the 2008 Petition, trial counsel had no basis to challenge the officers' compliance with the knock and announce rule because the

officers announced their presence to occupants of the house, who were in sight and in close proximity. Further, had the officers knocked on the door, it would have been futile because the officers' presence was already apparent to the house's occupants. See Hudson v. Michigan, 547 U.S. at 599; Richards v. Wisconsin, 520 U.S. at 394. Accordingly, the PCR judge's finding that trial counsel was not ineffective is not contrary to federal law.

**Ground Six**

Petitioner argues trial counsel was ineffective because he failed to subpoena Crystal Collins, a witness with potentially exculpatory testimony, and as result, the trial judge refused to grant a continuance. Respondent argues Petitioner cannot show the PCR judge unreasonably applied federal or determined the facts in denying Petitioner's ineffective assistance of counsel claim.

Just before trial, Petitioner and Collins failed to appear for court. (App. 172, 190-91). After the trial judge decided to proceed with the trial *in absentia*, trial counsel moved for a continuance based on the absence of Crystal Collins, who trial counsel contended was a material witness to the case. (App. 191-93). See Rule 7(b), SCRCrimP. Trial counsel argued Collins was a material witness because she was Petitioner's girlfriend and owner of the residence where the search warrant was executed and crack cocaine found; she was present for the execution of the search

warrant; and after Petitioner's arrest but before trial, she signed an affidavit wherein she admitted the crack cocaine belonged to her, and not Petitioner. (App. 192). The trial judge denied the motion without explanation, but noted that trial counsel's failure to subpoena the witness was a factor he could consider in his decision. (App. 193).

At the PCR hearing, trial counsel testified he intended to call Collins as a witness at trial. (App. 500). He testified Collins attended the pretrial suppression hearing, for which trial counsel also expected her testify, but the trial judge continued the hearing until the next day because of the lateness of the hour. Id. Trial counsel further testified he "fully expected her to be there in the morning to assist [Petitioner] with his case. Id. However, trial counsel also stated he prepared a subpoena for Collins that was never served because he intended to serve it on her during the pretrial suppression hearing, but, Collins left the courthouse while she was sequestered during the hearing, and she did not show for court the following day. (App. 500-01).

The PCR judge ruled trial counsel was not ineffective because he had no reason to believe Collins would not appear based on the fact that Collins and Petitioner lived together, had a child together, and that Petitioner had "influence" over Collins. (App. 536-37). The PCR judge also found Petitioner failed to show prejudice because Collins did not testify at the PCR hearing. (App. 537).

The Court finds the PCR judge's decision is not contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.  See § 2254(d).  Petitioner failed to show he was prejudiced by trial counsel's failure to subpoena Collins at trial because Collins did not testify at the PCR hearing, and therefore, the Court could only speculate as to what she would have testified to at trial.  See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what testimony the witnesses might have provided).  Additionally, as set forth by the PCR court, Petitioner failed to demonstrate prejudice under Strickland, and consequently, the Court finds the PCR judge's decision was not an unreasonable application of federal law.

**Ground Seven**

Petitioner argues PCR counsel was ineffective for failing to seek timely appellate review of the PCR judge's dismissal of his PCR action, and for failing to file

a Rule 59(e), SCRCP, motion to alter or amend the judgment as to five issues. Respondent argues claims that PCR counsel was ineffective do not state a claim upon which relief may be granted in a federal habeas petition.

For the reasons set forth above in the Court's analysis of Ground One of the 2014 Petition, the Court finds this claim is not cognizable.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Lawrence v. Branker, 517 F.3d at 717; see also Martinez 132 S. Ct. at 1320.  Accordingly, Petitioner's independent claims of ineffective assistance of PCR counsel fail to state a claim upon which relief may be granted by the Court.

**Ground Eight**

Petitioner argues his Sixth Amendment right to a fair and timely appeal in the PCR action was violated because trial counsel worked in the law firm of the husband of the Chief Justice of the South Carolina Supreme Court.   Respondent argues Petitioner fails to state a claim upon which relief may be granted in a federal habeas petition.

Initially, the Court notes there is no federal constitutional right to a fair and timely appeal from the denial of a state PCR application.  See Lawrence v. Branker, 517 F.3d at 717 ("A state prisoner has no federal constitutional right to post-

conviction proceedings in state court.").  Further, to the extent Petitioner complains of a conflict of interest in his appellate PCR proceeding, the Court finds that is a matter of state law, and also not cognizable in a federal habeas action.  See generally Rule 501, Canons 2 & 3, SCACR; see also Pulley v. Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law.").  Accordingly, Petitioner fails to state a claim upon which relief may be granted in Ground Eight.

**Amended Petition**

## Ground One

Petitioner argues his right to due process and equal protection of the law were violated by the South Carolina Supreme Court's order in Petitioner's direct appeal because it denied Petitioner a first direct appeal as a matter of right.  Respondent argues the South Carolina Supreme Court's order reflects that certiorari review is discretionary and that the court reviewed the petition.  Respondent also argues Petitioner did not establish an Equal Protection Clause violation because he failed to show he has been treated differently than other similarly situated individuals, and he failed to show a due process claim.

First, the Court notes there is no federal right to appeal a state conviction, and state appellate procedures and processes are matters left to the states' discretion. See

Ross v. Moffitt, 417 U.S. 600, 611 (1974); (citing McKane v. Durston, 153 U.S. 684, 688 (1894) ("[W]hether an appeal should be allowed [for a criminal defendant], and, if so, under what circumstances, or on what conditions, are matters for each state to determine for itself.")). Therefore, to the extent Petitioner's claim is based on a right to appeal his conviction, the Court finds such a claim is not a cognizable basis for federal habeas relief because it is a matter of state law.  See Pulley v. Harris, 465 U.S. at 41.

However, the Fourteenth Amendment does require the effective assistance of counsel on direct appeal, when direct appeal is provided as a matter of right.  See United States v. Taylor, 414 F.3d 528, 536 (4th Cir. 2005) (citing Coleman, 501 U.S. at 755-56).  To the extent Petitioner's claim can be construed to allege a deprivation of the effective assistance of counsel on direct appeal, the claim is patently without merit because Petitioner was provided counsel in accordance with the Anders procedures in the South Carolina Court of Appeals, and because certiorari review is discretionary and not a matter of right, Petitioner had no right to counsel on certiorari review to the South Carolina Supreme Court.  See Douglas v. State, 631 S.E.2d 542, n.1 (S.C. 2006) ("An individual has no constitutional right to the effective assistance of counsel when seeking discretionary appellate review.") (citing Wainwright v. Torna, 455 U.S. 586 (1982)).

**Ground Two**

Petitioner argues the South Carolina Supreme Court's order in his direct appeal contradicts the United States Supreme Court's opinion in Anders v. California by stating the South Carolina Court of Appeals' dismissal of an Anders brief is not a ruling on the merits.  Respondent argues the South Carolina Supreme Court's order is not inconsistent with Anders.

The Court finds the South Carolina Supreme Court order is consistent with the procedure outlined in Anders.  The order states:

> In State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), this Court set forth the process to be followed when counsel submits a brief under Anders and petitions to be relieved as counsel.  In these cases, the role of the appellate court is to review the brief submitted by counsel, any pro se response submitted by the appellant, and the record on appeal to determine whether the appeal contains any issues of arguable merit.  Id.  If an issue is found which has arguable merit, the appellate court will direct the parties to file merit briefs, and the case will proceed under the normal appellate process.  Id.  On the other hand, if no issues of arguable merit are found by the appellate court, the appeal is dismissed, and the appellant's counsel is relieved.  Id.
>
> Under this procedure, a decision of the Court of Appeals dismissing an appeal after conducting a review pursuant to Anders is not a decision on the merits of the appeal, but simply reflects that the appellate court was unable to ascertain a non-frivolous issue which would require counsel to file a merits brief.

State v. Lyles, supra.  This statement is consistent with Anders' requirement that the

state appellate court review an <u>Anders</u> appeal for any non-frivolous issues *before* relieving counsel or addressing the merits of the issues on appeal. <u>See</u> <u>Anders</u>, 386 U.S. at 744 ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."). Accordingly, the South Carolina Supreme Court order is not contrary to or an unreasonable application of the United States Supreme Court's opinion in <u>Anders</u>.

## **<u>Ground Three</u>**

Petitioner argues the South Carolina Supreme Court's order violated the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution because it changed the rules of certiorari review. Respondent argues the Ex Post Facto Clause does not apply to the judicial branch, and further, the South Carolina Supreme Court's order did not change the standards of certiorari review.

As to Respondent's argument that the Ex Post Facto Clause does not apply to the judicial branch, the Court notes a state appellate court decision may constitute a violation of the Ex Post Facto Clause. <u>See</u> <u>e.g.</u> <u>Bouie v. City of Columbia</u>, 378 U.S. 347 (1964). However, the Ex Post Facto Clause does not apply to the South Carolina Supreme Court's order because the order does not involve the interpretation of a law

that implicates criminal penalties.  See Collins v. Youngblood, 497 U.S. 37, 45 (1990) (drawing a distinction between changes in the procedures by which a criminal case is adjudicated, which generally do not implicate the Ex Post Facto Clause, as opposed to changes in the substantive law of criminal offenses, which may implicate the Ex Post Facto Clause).  Further, to the extent Petitioner challenges the South Carolina Supreme Court's discretion in granting certiorari review to prisoners challenging state convictions, the Court finds that is a matter of state law, and not cognizable in a federal habeas action.  See Pulley v. Harris, 465 U.S. at 41.

## Ground Four

Petitioner argues his right to due process and equal protection of the law was violated because direct appeal counsel was ineffective and the PCR judge misinterpreted the law on Anders review announced in the South Carolina Supreme Court's order in Petitioner's direct appeal.[18]  Respondent argues this is not a cognizable habeas claim for several reasons: (1) ineffective assistance of PCR counsel claims are not cognizable in federal habeas actions; (2) claims of other errors in state PCR actions are not cognizable in federal habeas actions; (3) to the extent Petitioner

---

[18] The Amended Petition refers to "PCR counsel" rather than direct appeal counsel in this claim.  However, the Court assumes Petitioner's reference to PCR counsel was a mistake, based on his arguments which only have to do with Petitioner's direct appeal, and his references to "direct appeal counsel" in his subsequent filings that address Ground Four of the Amended Petition.  See Petitioner's response to Respondent's *original* motion for summary judgment, page 5.

repeats his arguments in Grounds One to Three of the Amended Petition, they are without merit; and (4) claims of cumulative error are not cognizable in federal habeas actions.

The Court construes this claim as an extension of his claim in Ground Two that the South Carolina Supreme Court order from his direct appeal and the Court of Appeals' denial of his Anders brief and *pro se* brief were not decisions on the merits, and therefore, his direct appeal claims are not exhausted for federal review. Now, in Ground Four, Petitioner assigns blame for this infirmity to direct appeal counsel for not raising his direct appeal issues, and also to the PCR judge for failing to rule on the issues based on the fact that they were "direct appeal issues."

The Court finds Petitioner's claim that direct appeal counsel was ineffective is without merit. First, this claim is procedurally barred because it was not raised at the PCR hearing, and therefore, the claim was not preserved for appellate review. See Smith v. Murray, supra; see also Plyler v. State, 424 S.E.2d at 478. Second, the Court finds that while Petitioner has a right to effective assistance of counsel on direct appeal, see Anders, supra, any claim that direct appeal counsel was ineffective for failing to exhaust or raise Petitioner's direct appeal issues is without merit. The reason many of Petitioner's direct appeal claims were procedurally barred from review in this habeas action is because Petitioner failed to raise them at trial, see Smith v.

Murray, supra, as explained above in the Court's discussion of Grounds One, One(A), One(B), Two, Three, Six, and Eight of the 2008 Petition. Therefore, Petitioner's procedural bar to raising these claims was not caused by direct appeal counsel, and regardless, the claims that were raised at trial and preserved for review were raised by Petitioner in his *pro se* brief to the Court of Appeals.

As to the PCR judge, the Court finds any infirmities in State PCR proceedings are not cognizable habeas claims. See Lawrence v. Branker, 517 F.3d at 717. Accordingly, Petitioner's claims in Ground Four are either procedurally barred or not cognizable in a federal habeas petition.

## Ground Five(1)(A - C)

Petitioner argues trial counsel was ineffective for failing to raise the Franks and Payton issues at trial. He also claims PCR counsel was ineffective for failing to file a Rule 59(e) motion to obtain a ruling on the Franks issue, and further asserts all of these omissions are cause to excuse his procedural bar to raising the underlying issues pursuant to Martinez, supra.[19]

Ground Five (1)(A)

Petitioner's claims that trial counsel was ineffective for failing to raise the

---

[19] The Court construes this claim as one of ineffective assistance of PCR counsel, rather than direct appeal counsel, as cause to excuse Petitioner's procedural bar to raising ineffective assistance of trial counsel claims in regard to the Franks and Payton issues.

<u>Franks</u> issue at trial and that PCR counsel's ineffectiveness constituted cause to excuse his procedural bar to raising this claim have already been addressed by the Court in its analysis of Ground (1)(C) of the 2008 Petition. The Court repeats that the underlying ineffective assistance of counsel claim is procedurally barred, and Petitioner has not shown cause to excuse the procedural default.

### Ground Five (1)(B)

Petitioner argues trial counsel was ineffective because he failed to argue at trial that Petitioner was arrested in his residence without a warrant in violation of <u>Payton v. New York</u>, <u>supra</u>. Respondent argues Petitioner fails to show the PCR judge made an unreasonable determination of the facts or unreasonably applied federal law in denying relief upon this claim.

The Court finds the PCR judge's decision that trial counsel was not ineffective for failing to raise a <u>Payton</u> violation at trial is not contrary to or an unreasonable application of clearly established federal law. <u>See</u> § 2254(d). As explained above in the Court's analysis of Ground (1)(B) of the 2008 Petition, because the officer had a search warrant, their entry into Petitioner's home was not warrantless, and the arrest was not in contravention to <u>Payton</u>, <u>supra</u>. Accordingly, trial counsel was not ineffective because he had no basis to challenge the officer's actions based on <u>Payton</u>. Consequently, the PCR judge's finding is not in contravention of federal law.

Ground Five(1)(C)

Petitioner argues PCR counsel was ineffective because he failed to file a Rule 59(e) motion to obtain a ruling on the <u>Franks</u> issue.  Respondent argues claims that PCR counsel was ineffective are not cognizable federal habeas claims.

Independent ineffective assistance of PCR counsel claims are not cognizable in a federal habeas action.   <u>See</u> 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); <u>Lawrence v. Branker</u>, 517 F.3d at 717; <u>see also</u> <u>Martinez</u> 132 S. Ct. at 1320. Accordingly, Petitioner's claim that PCR counsel was ineffective for failing to file Rule 59(e) motion as to the <u>Franks</u> issue is not cognizable in this action.

Ground Five (2)(A - E)

Ground Five (2)(A)

Petitioner argues trial counsel was ineffective for failing to request the trial judge rule on Petitioner's motion to reveal the confidential informant's identity.  The Court finds this claim identical to Ground Three of the 2014 Petition, and the Court repeats that the PCR judge's denial of this ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law.

Ground Five (2)(B)

Petitioner argues trial counsel was ineffective because he failed to object to the trial judge's ruling limiting trial counsel's cross-examination of Officer Ligon about the confidential informant.  Respondent argues this claim is procedurally barred because it was not ruled on by the PCR judge, and regardless, the claim is without merit.  In his response in opposition to Respondent's motion for summary judgment, Petitioner argues PCR counsel's ineffectiveness is cause to excuse his procedural bar to raising this claim.

Initially, the Court finds this claim is procedurally barred because it was not raised to an ruled on by the PCR judge.  See Smith v. Murray, supra; see also Plyler v. State, 424 S.E.2d at 478.

As to Petitioner's claim that PCR counsel's ineffectiveness in not raising this issue at the PCR proceeding is cause to excuse petitioner's procedural bar to raising this claim, the Court finds PCR counsel was not ineffective because the underlying ineffective assistance of counsel claim is not substantial.  See Martinez, supra.

At the pretrial suppression hearing, trial counsel asked Officer Ligon for the identity of the confidential informant. (App. 48).  The State objected on the basis that Petitioner was not entitled to know any information about the informant, and that the purpose of the suppression hearing was to determine whether the warrant affidavit established probable cause.  Id.  The trial judge sustained the objection.  Id.

As noted in the Court's analysis of Ground Two of the 2008 Petition, the State was not obligated to disclose the identity of the confidential informant, see State v. Humphries, 579 S.E.2d at 614-15, and Petitioner has not presented any facts to support his allegation that the confidential informant was present at the residence when the officers executed the search warrant. Therefore, Petitioner's underlying claim that trial counsel was ineffective is not a substantial claim because trial counsel had no basis to object to the trial judge's limitation of his cross-examination of Officer Ligon. Consequently, the Court finds PCR counsel was not ineffective for failing to raise this issue at the PCR proceeding, and Petitioner has failed to demonstrate cause to excuse the procedural bar.

Ground Five (2)(C)

Petitioner argues trial counsel was ineffective because he failed to seek a hearing on his claim that the officer violated the knock-and-announce rule. The Court finds this claim is identical to Ground Five of the 2014 Petition, and the Court repeats the PCR judge's ruling is not contrary to or an unreasonable application of clearly established federal law.

Ground Five (2)(D)

Petitioner argues trial counsel was ineffective for failing to object to the admission of Exhibits #14 and #15 based on an inadequate chain of custody. The

Court finds this claim is identical to Ground Four of the 2014 Petition, and the Court repeats the PCR judge's denial of this ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law.

Ground Five (2)(E)

Petitioner argues trial counsel was ineffective for failing to request a Brady hearing for evidence obtained during the controlled buy. The Court finds this claim is identical to Ground Two of the 2014 Petition, and the Court repeats the PCR judge's decision is not contrary to, or an unreasonable application of, clearly established federal law.

## **CONCLUSION**

As set out above, a review of the record indicates the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #63) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 28, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.