IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clifton Donell Lyles, | ) | |
| | ) | C/A No. 4:14-1063-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on pro se Petitioner Clifton Donell Lyles' ("Lyles") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On January 28, 2016, Magistrate Judge Thomas E. Rogers, III, filed a Report and Recommendation ("Report") recommending Respondent's motion for summary judgment (ECF No. 64) be granted and the petition denied. (ECF No. 75). Lyles timely filed objections to the Report (ECF No. 77).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Procedural History/Background

In his Report, the magistrate judge set forth the facts and procedural history, and the court adopts and incorporates that summary by reference. Briefly, Lyles was tried in his absence before a jury for trafficking crack cocaine and convicted.[1] He was sentenced to thirty (30) years and fined $50,000. At trial, Lyles was represented by retained counsel, James Shadd, III.

Lyles' appeal counsel filed an *Anders*[2] brief on direct appeal and Lyles filed a pro se brief raising eight issues. The South Carolina Court of Appeals dismissed the appeal. Lyles then filed a petition seeking a writ of certiorari with the South Carolina Supreme Court. The South Carolina Supreme Court denied the petition. *State v. Lyles*, 673 S.E.2d 811 (S.C. 2009). Lyles then filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel on several grounds. After a hearing, the PCR court dismissed the application and subsequently filed a Rule 59(e) motion. Lyles filed a second application for PCR, which the PCR court conditionally dismissed as successive. However, the PCR court also granted Lyles a belated review of the dismissal of his first PCR, pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), whereby a petitioner can petition the South Carolina Supreme Court for a review of a dismissal of a PCR

---

[1] Lyles was present for jury selection, but was absent when the trial began on the following day.

[2] *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court announced the procedure an appointed attorney should follow if that attorney believes the client's appeal is frivolous and without merit. Pursuant to *Anders,* the defendant must be given time to respond and to raise any additional points after his attorney submits the *Anders* brief. *Id.* at 744. The court then is obligated to conduct a "full examination" of the record to determine whether the appeal is "wholly frivolous." *Id.*

application where PCR counsel failed to appeal the dismissal. PCR counsel filed a *Johnson*[3] petition and Lyles filed a pro se response raising five issues. The South Carolina Supreme Court granted Lyles' petition and, after review pursuant to *Johnson*, denied the petition for a writ of certiorari of the dismissal of Lyles' first PCR.

In 2008, while his state PCR proceedings were pending, Lyles also filed a petition in this court seeking federal habeas relief raising eight grounds for relief. *Lyles v. Warden*, C/A No. 4:08-cv-1884-PMD (D.S.C. May 14, 2008). This action was dismissed without prejudice, so that Lyles could exhaust his state remedies. After his state PCR proceedings concluded, on March 24, 2014, Lyles filed the instant petition for habeas relief raising eight grounds for relief. (ECF No. 1, Petition). In this petition, Lyles stated that he wanted to raise all the issues he had raised in his first habeas petition and he attached the Report and Recommendation from his 2008 habeas action which set forth those issues. (Pet. 1-1 at 3). After the State filed its return and motion for summary judgment, Lyles filed a motion to amend his habeas petition. (ECF No. 35). The magistrate judge granted the motion, ordered Lyles to file one concise proposed amended habeas petition, and deemed the State's summary judgment motion moot. (ECF No. 39).

Lyles filed a second motion to amend with an attached proposed amended habeas petition, but he specifically stated it was to be added to his currently pending petition. (ECF No. 42). The State filed a response to the motion to amend noting that the magistrate judge had ordered Lyles to file one concise petition, and asking that the court accept the new proposed amended petition and replace the original petition with it. (ECF No. 44). The magistrate judge entered an order

---

[3]*Johnson v. State*, 364 S.E.2d 201 (1988). In *Johnson*, the South Carolina Supreme Court adopted a procedure for appeal where appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file the *Johnson* petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal

stating that, unless either party objected within fifteen days, he was going to grant the motion to amend and substitute the proposed amended petition. (ECF No. 45). Lyles filed a response stating that he did not intend to replace his original petition with the proposed amended petition, and that he wanted "all duplicate grounds be merged." (ECF No. 49). The State did not file any response. Thereafter, the magistrate judge granted Lyles' motion to amend and stated that the amended petition was not to replace the original petition. (ECF No. 51). The magistrate judge ordered the Clerk to "file this amended petition and attach the original petition to be one complete amended petition." *Id.* Thereafter, the amended petition was filed. (ECF No. 52, Am. Petition), and the State subsequently filed a return and second motion for summary judgment (ECF Nos.63 and 64).[4]

In his Report, the magistrate judge separately addressed each ground raised in each document, and noted when appropriate where the claims are duplicative. The magistrate judge found that the majority of Lyles' claims were procedurally barred, as they were not raised and ruled on in his state court proceedings, or were barred pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), because Lyles had a full and fair opportunity to raise his Fourth Amendment claims in state court. (Report at 24, 26, 28, 30, 34-35, 36, 39-40, 44, 65, 67) (discussing Lyles' arguments on Fourth Amendment violations in regard to the search warrant and arrest, failure to

---

[4] As a result, in reality, currently before the court are three separate petitions: the 2008 habeas petition, the 2014 original petition, and the 2014 amended petition. The interpretation and analysis of numerous claims presented in three separate petitions, which contain overlapping and duplicate claims, presents unnecessary challenges for the parties and the court. In the interest of judicial economy and efficiency, such a piecemeal approach should be avoided in the future.

knock-and-announce when executing the search warrant,[5] violations of *Franks*,[6] *Payton*,[7] and *Brady*,[8] alleged perjury of the several State's witnesses, and denial of equal protection). The magistrate found several other claims not cognizable in a federal habeas action court because the claims do not address federal law. *Id.* at 34, 36, 45, 57, 58, 59, 62, 64, and 66 (discussing Lyles' arguments regarding the confidential informant's identity, and chain of custody). Finally, the magistrate judge addressed numerous claims on the merits, including most of those that he deemed procedurally barred, and found that these claims were without merit. *Id.* at 34, 36-39, 40-41, 41-43, 45-46, 47-50, 50-53, 53-54, 54-56, 60-61, 61-62., 63-64, 65, and 66. (discussing alleged *Franks*, *Batson*, *Brady, and Doyle*[9] violations).

The court has reviewed Lyles' objections and, for the most part, they reiterate the arguments he made before the magistrate judge. General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection. *See Veney v. Astrue*, 539 F.Supp.2d 841, 845 (2008). However, Lyles does raise several specific objections, which the court addresses below.

## II. Discussion

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996

---

[5] The knock-and-announce rule requires that, before officers executing a warrant enter a home, they knock on the door and announce their identity and purpose, and then wait a reasonable time before forcibly entering. *Wilson v. Arkansas,* 514 U.S. 927, 931, 934 (1995). *See also* 18 U.S.C. § 3109 (setting forth a statutory knock-and-announcement requirement).

[6] *Franks v. Delaware*, 438 U.S 154 (1978).

[7] *Payton v. New York*, 445 U.S. 573 (1978).

[8] *Brady v. Maryland*, 373 U.S. 83 (1963).

[9] *Doyle v. Ohio*, 426 U.S. 610 (1976).

5

("AEDPA"), a federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

### A. Fourth Amendment Claims

The magistrate judge found that Lyles' allegations of violations of the Fourth Amendment as freestanding claims cannot constitute grounds for habeas relief, as he has not demonstrated that he did not have a full and fair opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. at 494 (holding "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978) (applying *Stone* and holding that where a state court provides a mechanism under state practice to litigate Fourth Amendment claims, then the court "need not inquire further into the merits of the petitioner's case . . . unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."). Lyles objects and contends that he has not had a full and fair opportunity to litigate these claims in state court. The court addresses each claim below.

#### i. Search Warrant

Lyles objects to the magistrate judge's finding that his Fourth Amendment claims in regard to the search warrant are procedurally barred. He contends that he did not have a full and

fair hearing on these claims in state court. (Objections at 1 and 7). He specifically argues that he did not have a fair hearing because: 1) the trial court relied on "usupported factual conclusions to support his ruling." (Objections at 1); 2) trial counsel failed to raise the claim at trial (Objections at 7); and 3) he did nor receive appellate review on the merits. *Id.*

In *Stone v. Powell*, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. at 481-82. Moreover, the Fourth Circuit has held that "the ultimate rule of deference" contemplated by *Stone* "would of course be swallowed if impairment in this sense could be shown simply by showing error - whether of fact or law - in the state court proceeding." *Sneed v. Smith*, 670 F.2d 1348, 1355-56 (4th Cir. 1982).

As to Lyles' first ground for objection, the court finds it is without merit. Even assuming the trial court relied on unsupported factual conclusion, Lyles had a full and fair opportunity to litigate his claim. In *Sneed*, the Fourth Circuit rejected the petitioner's claim that allegedly false testimony by a police officer and the application of incorrect constitutional standards constituted an impairment of a petitioner's opportunity for a full and fair litigation of his Fourth Amendment claims. *Id*. at 1356. Likewise, here, Lyles has failed to demonstrate that he did not receive a full and fair opportunity to litigate his Fourth Amendment claims in regard to the search warrant. Although Lyles disagrees with the factual findings and ruling of the trial court and the South Carolina Court of Appeals, the record reflects that the state courts fully and fairly considered and rejected these claims.

Further, Lyles' argument that he did not receive any appellate review on the merits is also without merit. In *In re Exhaustion of State Remedies in Criminal and Post-Conviction relief*

7

*Cases*, the South Carolina Supreme Court held that "a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies." 471 S.E.2d 454, 454 (S.C. 1990). Subsequently, in *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002), the South Carolina Supreme Court held that claims presented in an *Anders* brief are considered to have been presented on the merits for purposes of federal habeas review. *McKennedy*, 559 S.E.2d at 854-855. *Cf. Washington v. Rushton*, C/A No. 05-2394, 2006 WL 2050582 at * 2 (D.S.C. July 13, 2006).

In its decision on direct appeal in the instant case, the South Carolina Supreme Court noted that an *Anders* dismissal is "not a decision on the merits." *State v. Lyles*, 673 S.E.2d 811, 813 (S.C. 2009). However,

> [i]t is clear that the court used this phrase in the sense that an *Anders* dismissal does not involve a hard look by the appellate court with full briefing as to whether the appellant should ultimately win or lose. *See Lyles*, 673 S.E.2d at 813 (holding that an Anders dismissal "simply reflects that the appellate court was unable to determine a non-frivolous issue which would require counsel to file a merits brief"). Rather, it is more in the nature of a summary dismissal - a commentary that the appeal is not worthy of review by the appellate court. It is not a rejection due to the litigant's "procedural missteps" or failure to comply with state procedure rules or law. The failure to raise a non-frivolous or meritorious issue is not a procedural deficiency within the contemplation of *Coleman*. Moreover, it is well settled that when the last state court to review an issue summarily disposes of the claim - for example through the denial of certiorari - the federal habeas court may look through the denial to the last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

*McCoy v. Cartledge*, C/A No. 0:08-3747-HMH-PJG, 2010 WL 680258, *13 (D.S.C. Feb. 24, 2010). A review of the procedures in Lyles' case shows that he was afforded the opportunity to develop his claim and have it adjudicated in the state courts and thus, he cannot relitigate the same claim here in this federal habeas petition. *See Adams v. Stevenson*, C/A No. 3:12-1482-JFA-JRM, 2013 WL 5143294 , *11 (D.S.C. Sept. 12, 2013)(holding petitioner had a full and fair opportunity to raise issue when he raised it to trial court and in an *Anders* brief); *Woods v.*

8

*Stevenson*, C/A No. 9:10-2726-DCN-BM, 2011 WL 7053804, *12 (Dec. 22, 2011)(same). Accordingly, Lyles' objections based on an alleged failure to receive a full and fair opportunity for review are without merit.

Finally, Lyles contends that his trial counsel was ineffective for failing to raise his Fourth Amendment issues at trial. (Objections at 7). While "*Stone v. Powell*, supra, marked for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas petitions where the petitioner had an opportunity to litigate those claims in state court," *Grimsley v. Dodson*, 696 F.2d 303, 304 (4th Cir.1982), claims of ineffective assistance of counsel in litigating those claims in state court may be raised and are cognizable in the § 2254 petition. *Kimmelman v. Morrison,* 477 U.S. 365, 382-383 (1986).  To the extent Lyles raises ineffective assistance of trial counsel claims in regard to his Fourth Amendment claims, the magistrate judge found these claims were procedurally barred.  (Report at 27, 28-33).  As discussed below, the court agrees, and also finds that on the merits, these claims also fail.

### ii. *Franks* Hearing

Lyles objects as to trial counsel's failure to request a *Franks*[10] hearing and, citing to the PCR hearing transcript, argues that this issue was raised to and ruled upon by the PCR court. (Objections at 2, 5).  However, while this issue may have been raised to the PCR court, the court did not rule on it.  Lyles' then argues that his PCR counsel was ineffective for failing to file a Rule 59(e) motion and obtain a ruling on this issue. The court finds Lyles cannot establish the

---

[10]*Franks v. Delaware,* 438 U.S. 154 (1978)(holding that the Fourth Amendment requires an evidentiary hearing to be held at the defendant's request when he has made a "substantial preliminary showing" that a false statement was knowingly and intentionally, or with reckless disregard for the truth, included by an affiant in a warrant affidavit, if that false statement was necessary to the finding of probable cause).

requisite cause to overcome this procedural bar.[11]

Under *Martinez*, v. Ryan, ___ U.S. ___, 132 S.Ct. 1309 (2012), a federal habeas court can find cause, thus excusing procedural default of an ineffective trial counsel claim, where: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (*quoting Martinez*, 132 S. Ct. at 1318-19, 1320- 21). A "substantial" ineffective trial counsel claim is one that "has some merit." *Martinez*, 132 S. Ct. at 1318. The court need not decide whether PCR counsel's performance was deficient under *Strickland* because Lyles cannot show a reasonable probability that, but for PCR counsel's omission, the PCR court would have granted Lyles relief.

Pursuant to *Franks* and its progeny, the Fourth Amendment requires that a hearing be held at defendant's request only where he or she makes a substantial preliminary showing that the affiant included a false statement, knowingly or intentionally, or with reckless disregard for the truth, and that the challenged false statements were essential to the Court's finding of probable cause. *Franks*, at 155-156. The purpose of a *Franks* hearing is to determine whether the probable cause determination was based on intentionally false statements. *See United States v. Akinkoye*, 185 F.3d 192, 199 (4th Cir. 1999). Here, there are no allegations that the affidavit contained any

---

[11]Arguably, the *Martinez* exception does not apply to this situation as it "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the *first* occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Martinez*, 132 S.Ct. at 1320. (emphasis added) (citations omitted).

false statements. Lyles' argument is that the officer made oral false statements to the magistrate about pending arrest warrants. However, the record does not support Lyles' claim. While the officer mistakenly testified during the suppression hearing that he thought there were arrest warrants for Lyles, he never testified that he told the magistrate this information when he was attempting to obtain the search warrant. And, moreover, the solicitor subsequently clarified that the officer was mistaken and, in reality, no arrest warrants had ever even been drafted. There is simply no evidence in the record that any false statements were made to the magistrate judge about any pending arrest warrants. Therefore, Lyles cannot show a reasonable probability that the PCR court would have granted Lyles relief on this claim. Accordingly, Lyles' objections are without merit.

### iii. Confidential Informant's Identity and *Brady* Violation

Lyles also objects to the magistrate judge's conclusion in footnote 8 of the Report that Lyles has failed to show actual prejudice in regard to trial counsel's failure to obtain a ruling on his motion to disclose the confidential informant's identity. (Objections at 5).[12] Lyles contends that the drugs were planted and the failure to disclose the confidential informant prejudiced him because his ability to investigate his defense was hindered, he was denied his right to confront the confidential informant, and he "feels that it prevented him from showing that the officers simply lied about a controlled buy being conducted at all." *Id.* Lyles also contends that he was entitled to the recording of the controlled buy made by the confidential informant. He contends this evidence was *Brady* evidence.

In *Brady*, the United States Supreme Court held that "the suppression by the prosecution

---

[12]The magistrate judge determined that the issue was procedurally barred and that, even assuming trial counsel's ineffectiveness was cause pursuant to *Murray v. Carrier*, 477 U.S. 478 (1986), Lyles has not established "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. at 87. First, "evidence is 'material' under *Brady*, and the failure to disclose it justifies setting aside a conviction, only where there exists a 'reasonable probability' that had the evidence been disclosed the result at trial would have been different." *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995) (*citing Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995)). Considering the record in this case, no such reasonable probability exists in this case. There is nothing to support Lyles' assertion that the confidential informant would have produced exculpatory information. His mere allegations that the drugs were planted and that he was entrapped or that the officers lied about the controlled buy do not establish that there was any undisclosed exculpatory evidence. There is nothing which supports Lyles' argument that this evidence was exculpatory and required to be disclosed pursuant to *Brady*.

Moreover, the law is well-settled that a criminal defendant bears the burden to make a showing in support of disclosure of a confidential informant's identity. *Rugendorf v. United States*, 376 U.S. 528, 534-35 (1964). The Fourth Circuit has repeatedly instructed that a defendant must present concrete reasons supporting disclosure of an informant's identity. *See, e.g., United States v. D'Anjou*, 16 F.3d 604, 609-10 (4th Cir. 1994). The reasons presented must be more than mere guesswork; the defendant must ". . . come forward with something more than mere speculation as to the usefulness of such disclosure." *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir.1985).

Moreover, when an informant is used for the limited purpose in obtaining a search warrant, their identity need not be disclosed. Ordinarily, an informant's controlled buy may constitute probable cause sufficient for a magistrate judge to issue a warrant. *See United States v. Clyburn*, 24 F.3d 613, 618 (4th Cir.1994). In *Clyburn*, a confidential informant (who was in jail

at the time and thus potentially unreliable) contacted police and advised them that the defendant was selling drugs. *Id.* at 614. The informant then made a controlled purchase of crack cocaine from the defendant at his residence. *Id.* at 615. The Fourth Circuit held that probable cause existed to support the issuance of a search warrant for the defendant's residence, stating that "[t]hese facts plainly established a 'fair probability' that illegal narcotics would be found in [the defendant's] house . . . and accordingly supported the magistrate's finding of probable cause." *Id.* at 618 (citation omitted).

Even assuming probable cause was lacking for the issuance of the search warrant, the evidence seized in this case would be admissible so long as the search warrant was issued by a neutral and detached magistrate judge and the executing officers' reliance on the warrant was objectively reasonable. *See United States v. Leon*, 468 U.S. 897, 926 (1984); *United States v. Edwards*, 798 F.2d 686, 690 (4th Cir.1986). Rarely will searches pursuant to a warrant require a deep inquiry into reasonableness because a warrant issued by a magistrate judge normally suffices to establish that a law enforcement officer has acted in good faith. *See Leon*, 468 U.S. at 922. Based on the foregoing, the court agrees with the magistrate judge, Lyles has failed to show any actual prejudice in regard to trial counsel's failure to obtain a ruling on his motion to disclose the confidential informant's identity, and therefore his objections are without merit.

### B. Chain of Custody

As for the magistrate judge's determination that Lyles' chain of custody claim is barred in this habeas action because it is a matter of state law, Lyles argues that he is raising an equal protection claim. (Objections at 7, 9). However, Lyles does not state an equal protection claim.[13] Generally speaking, the Equal Protection Clause requires the government to treat similarly

---

[13] Lyles does not dispute that questions of state law do not implicate federal rights and are not cognizable on federal habeas review under § 2254. *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992) (*citing Inge v. Procunier*, 758 F.2d 1010, 1014 (4th Cir. 1985)).

situated persons alike. *See, e.g., City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Thus, a critical element is whether Lyles was treated differently than others to which he was similarly situated. In this case, Lyles does not claim to have been singled out for discriminatory treatment. Further, the record is devoid of any facts that would suggest that similarly situated individuals were treated differently. In short, Lyles has failed to plead a cognizable equal protection claim. Moreover, this claim was not adequately presented to the state courts in federal constitutional terms. Rather, when this claim was presented to the state courts, it was grounded purely on state law and the court notes that is how it is also presented to this court in Lyles' habeas petitions. *See Duncan v. Henry*, 513 U.S. 364 (1995) (holding petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court); *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994) (holding that "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined."). Accordingly, the court finds Lyles' objection s to be without merit.

### C. *Batson*

As for the *Batson*[14] claim, Lyles contends that the magistrate judge erred in finding that the state court's decision was not contrary to, nor an unreasonable application of clearly established Federal as determined by the United States Supreme Court. (Report at 39). At trial, during the *Batson* hearing, the State stated that it struck a black juror for two reasons: 1) poor eyesight and 2) a possible criminal record. (ECF No. 25-1 at 43). The trial court found that the State had demonstrated a race neutral reason for the strike. *Id.*

Courts are to follow a three-step process in analyzing an asserted *Batson* violation. First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on

---

[14]*Batson v. Kentucky,* 479 U.S. 79 (1986).

the basis of race. Second, the prosecution must offer a race-neutral basis for striking the juror and third, the trial court must determine whether the defendant has shown purposeful discrimination. *Snyder v. Louisiana*, 552 U.S. 472, 476-77 (2008). "[T]he critical question in determining whether a prisoner has proved purposeful discrimination at step three is the persuasiveness of the prosecutor's justification for his peremptory strike." *Miller- El v. Cockrell*, 537 U.S. 322, 324 (2003). "[T]he issue comes down to whether the trial court finds the prosecutor's race-neutral explanations to be credible. Credibility can be measured by, among other factors, the prosecutor's demeanor; by how reasonable, or how improbable, the explanations are; and by whether the proffered rationale has some basis in accepted trial strategy." *Id.* at 339. Due to the trial court's superior position to determine credibility, "a state court's finding of the absence of discriminatory intent is 'a pure issue of fact' accorded significant deference." *Miller-El*, 537 U.S. at 339 (*quoting Hernandez v. New York*, 500 U.S. 352, 364 (1991)). Moreover, under § 2254 review, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Id.* at 340. Therefore, "[t]he upshot is that even if '[r]easonable minds reviewing the record might disagree about the prosecutor's credibility, . . . on habeas review that does not suffice to supersede the trial court's credibility determination.' " *Davis v. Ayala*, ___ U.S. ___, ___, 135 S.Ct. 2187, 2201 (2015) (*citing Rice v. Collins,* 546 U.S. 333, 341-342 (2006)).

The court agrees with the magistrate judge's analysis on this claim and overrules Lyles' objections. The solicitor offered two race neutral reasons and the trial court's decision regarding the *Batson* ruling was not contrary to, nor was it an unreasonable application, of clearly established Federal law, as determined by the Supreme Court. Further, it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the state court.[15]

### D. *Anders* Review

As for Lyles' claims regarding the South Carolina Supreme Court's *Anders* review, in addition to the arguments he made above concerning the South Carolina Supreme Court's *Anders* review, Lyles raises an independent claim asserting that his due process and equal protection rights were violated by the court's review of his direct appeal. (Objections at 15).[16] The magistrate judge found this claim to be without merit because there is no federal right to appeal a state conviction and, construing Lyles' claim as one of ineffective assistance of counsel, determined that there is no constitutional right to counsel on certiorari review. (Report at 58-59). In his objections, Lyles contends that he is not arguing that he was not afforded counsel on certiorari review. (Objections at 30). Rather, he argues that the South Carolina' Supreme Court's review was not on the merits, and thus stripped him of his right of direct appeal.

The United States Supreme Court has held that the *Anders* review procedure is prophylactic, and can be varied by the states as long as the procedures applied adequately safeguard a defendant's rights. *Smith v. Robbins*, 528 U.S. 259, 272-273 (2000). Moreover, "[a]lthough the Sixth Amendment guarantees trial counsel to a felony defendant, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Constitution contains no

---

[15]Lyles cites to two state cases in support of this claim. (Objections at 10). Neither constitutes "clearly established Federal law" as "determined by the Supreme Court." Moreover, the court notes Lyles incorrectly cites to *State v. Martinez*, 362 S.E.2d 641 (S.C. 1987), where the solicitor struck two jurors who had "possible criminal records." The state court found that the solicitor's reasons were racially neutral. However, Lyles quotes from the dissenting opinion in *Martinez*.

[16]In *State v. Lyles*, 673 S.E.2d 811 (S.C. 2009), the South Carolina Supreme Court stated that it would no longer consider certiorari petitions where the South Carolina Court of Appeals dismissed the petitioner's direct appeal after Anders review. *Id.* at 812 ("We deny the petition and hold that, as a matter of policy, we will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review.").

similarly freestanding, unconditional right to counsel on appeal, there being no obligation to provide appellate review at all . . . . " *Robbins*, 528 U.S. at 292 (Souter, D., dissenting) (citation omitted). See also *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402-03 (2001)(citing *Abney v. United States*, 431 U.S. 651, 656 (1977) (holding no constitutional right to direct appeal)). Accordingly, the court finds this objection to be without merit.

As to the remaining claims raised by Lyles, the court adopts the magistrate judge's analysis and finds Lyles' objections to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Therefore, the court adopts the Report and Recommendation (ECF No. 75). Accordingly, Respondent's Motion for Summary Judgment (ECF No. 64) is **GRANTED**; and the petition is **DENIED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

Anderson, South Carolina
March 29, 2016