IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clifton Donell Lyles, | ) | |
| | ) | C/A No. 4:14-1063-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on pro se Petitioner Clifton Donell Lyles' ("Petitioner") motion for reconsideration of the order dismissing his habeas petition. (ECF No. 88). Petitioner seeks a reconsideration as to several grounds raised in his habeas petition and asks the court to make specific findings of fact and conclusions of law. (ECF No. 88 at 1). Petitioner has not cited to the Federal Rules. A motion for reconsideration is generally raised via Rules 59 and 60 of the Federal Rules of Civil Procedure.

Motions to alter or amend final judgments under Rule 59(e) may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). The power to grant or deny a motion under Rule 59(e) is discretionary, and "[i]n general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). However, a motion to reconsider is not a vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (explaining that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have

been raised prior to the entry of judgment") (citation and internal quotation marks omitted).

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake, inadvertence, surprise, or neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1)-(6). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313. A motion for reconsideration under Rule 60(b) is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990). These circumstances will "rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

As an initial matter, even construing Petitioner's pleadings liberally, Petitioner has not met his burden under Rules 59 or 60 of showing exceptional circumstances that would justify this court modifying its previous order adopting the Report. The court has not misapprehended Petitioner's position or misinterpreted the applicable law in this case. Further, Petitioner has not presented any new evidence to persuade this court to alter its decision.

As noted above, in his motion, Petitioner also requests that the court specifically make findings of fact and rule on several issues raised in his habeas petitions. In its prior order, the court addressed in depth numerous issues, in light of Petitioner's objections, and, as to the remaining issues, the court agreed with the Magistrate Judge and adopted the Magistrate Judge's

discussion and recommendation without any further analysis because the court concluded further analysis was not warranted. It is not necessary for the undersigned to repeat the Magistrate Judge's analysis when he fully concurs with it. Accordingly, based on the foregoing, Petitioner's Motion for Reconsideration (ECF No. 88) is **DENIED**.

**IT IS SO ORDERED.**

          s/Timothy M. Cain
          United States District Judge

Anderson, South Carolina
April 12, 2016